**UNITED STATES FINANCE COMPANY, Plaintiff-Appellant, v.
OHIO HOME SERVICE, INC., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25040.   Decided March 17, 1960.

Albert P. Pickus, Benesch, Friedlander, Mendelson, Gnau & Coplan,
for plaintiff-appellant.

Klein, Zucker & Gross, for defendant-appellee.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment entered by the Municipal Court of Cleveland for the defendant at the end of plaintiff's case.   The action is one seeking the return of money paid the defendant on the purchase of a promissory note, wherein Harold Norton and Frances Norton were the makers and the defendant was the payee, which debt was secured by a mortgage on personal property sold to the said Nortons by the defendant as the consideration therefor.

The said Nortons purchased certain household furniture for a total purchase price of seven hundred and fifty dollars ($750.00) making a down payment of seventy dollars ($70.00).   The finance charges, including insurance, increased the amount of the note signed to eight hundred seventy-five dollars and fifty-two cents ($875.52).   The amount paid the defendant upon the negotiation thereof without recourse to the plaintiff was six hundred forty-one dollars and seventy-five cents

($641.75), and thirty-three dollars and twenty-five cents ($33.25) was paid into plaintiff's reserve fund.

The note and chattel mortgage were signed by "Harold Norton" and "Frances Norton." The credit information telephoned by the defendant to the plaintiff for the purpose of inducing them to purchase the note secured by the mortgage was as follows:

| | |
|---|---|
| Name of Customer | Harold S. Norton |
| Wife's name | Frances Norton |
| Present Address: | 767 East 90th Street |
| Place of Employment | Lake Auto Core Making, 5200 West 130th Street |
| Wife's Employer | Day Work |
| Wife's Aunt's Address | 7624 Quincy Avenue |

The evidence shows that an employee of plaintiff checked the purchaser's employment which was then confirmed and credit report showed "No Ratings." The appellant, after making the foregoing checks, purchased and paid for the note and mortgage as above set out. One payment was received by the defendant which was remitted to the appellant. Thereafter, the maker (Norton) defaulted in his payments and now cannot be found.

The record shows that a subsequent check with the named employer revealed that they did not have an employee by the name of Harold Norton but that they had had an employee by the name of Harold Morton who, when the second check was made, had left his employment. The record also contains credible evidence that Harold Morton had a very bad credit rating and had once served time in the Mansfield Reformatory for armed robbery. It also showed that his "withholding exemption certificate" (U. S. Treasury Form W-4, dated November 11, 1957) was in the name of Harold F. Morton, giving the address of 7624 Quincy Avenue (the address given plaintiff by defendant as that of Frances Norton's aunt). An examination of the signature of Harold Morton appearing on the withholding certificate signed for his employer reveals the identical handwriting found on the note and mortgage where the last name was signed "Norton."

There is, therefore, credible evidence that Harold Morton and not Harold Norton was the actual purchaser of the furniture. His signing the name "Norton" to the note here involved to avoid the discovery of his identity so that he could fraudulently procure credit which would otherwise not be available to him constituted forgery. **State v. Akins, 109 Oh Ap 302,** N. E. 2d . The defendant, in reporting the name "Norton" as the person with whom they were dealing to the plaintiff and seeking to negotiate a note signed by Harold Norton, under the foregoing circumstances, was completely mistaken as to the identity of the person with whom they were dealing. The defendant owed the obligation to correctly inform the plaintiff of the person seeking credit. Likewise, if as is evident from the record, the identity of the maker was not correctly given and the signature not genuine, then the defendant's endorsement of the note constituted a breach of warranty as provided by **§1301.67 (A) R. C.,** which provides:

"Every person negotiating an instrument by delivery or by a qualified indorsement warrants:

"(A) That the instrument is genuine and in all respects what it purports to be;

"* * *"

The fact that the note was endorsed without recourse does not relieve the defendant of his obligation as an endorser under the negotiable instrument law.

For the foregoing reason, the judgment of the trial court is reversed as contrary to law and the cause remanded for further proceedings.

HURD, PJ, KOVACHY, J, concur.