STATE, Plaintiff-Appellee, v. JACOBELLIS,
Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25303.   Decided May 25, 1961.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Thomas
L. Osborne* and *Mr. Bernard Stuplinsky,* assistant prosecuting
attorneys, for plaintiff-appellee.

*Messrs. Rocker, Zaller, Kleinman & Annan,* and *Mr. Sey-
mour Terrell,* for defendant-appellant.

*Per Curiam.* This is an appeal on questions of law from a
judgment arising from a decision rendered by the Court of

Common Pleas of Cuyahoga County (Criminal Division) finding the defendant guilty as charged on two counts of an indictment as follows:

"(1) Unlawfully and knowingly had in his possession and under his control a certain obscene, lewd, and lascivious motion picture film, to-wit: 'Les Amants' (or, The Lovers), and:

"(2) Unlawfully and knowingly exhibited a certain obscene, lewd, and lascivious motion picture film, to-wit 'Les Amants' (or, The Lovers)."

The defendant elected to be tried before a court of three judges pursuant to Section 2945.07, Revised Code. Waiver of trial by jury was made in open court, in writing, signed by the defendant, pursuant to the provisions of Section 2945.05, Revised Code. The trial was commenced on May 23, 1960 and concluded on June 3, 1960.

Section 2905.34, Revised Code, under which the defendant was convicted, insofar as pertinent, reads as follows:

"No person shall knowingly sell, lend, give away, exhibit or offer to sell, lend, give away or *exhibit*, or publish, *or have in his possession or under his control*, an obscene, lewd or lascivious book, pamphlet, paper, magazine, writing, advertisement, circular, print, picture, photograph, *motion picture film* * * *."

The defendant-appellant complains of many assignments of error, one of which is that he was erroneously charged and found guilty of two separate crimes under Section 2905.34, Revised Code, in that the first count charged the defendant with knowingly having possession and control of a certain obscene, lewd and lascivious motion picture film, to-wit: "Les Amants," and the second count with unlawfully and knowingly exhibiting this same motion picture film. This assignment of error cannot be sustained.

This precise question was before the Montgomery County Court of Appeals, where defendant was found guilty by a jury on two charges, namely, (1) possessing and (2) exhibiting an obscene motion picture film "The Lovers," see opinion by Kerns, J., in *State* v. *Warth* (No. 2576), decided July 7, 1960. Appeal as of right to the Supreme Court dismissed *sua sponte* for reason no debatable constitutional question involved. *State* v.

*Warth*, 172 Ohio St., 246, decided May 3, 1961. While the conviction in the *Warth case* was for violation of Section 2905.-342, Revised Code, nevertheless, the legal principles involved are identical as applied to the facts of the instant case.

Also, this same question was before this court where one, Gevaras, was convicted in the Court of Common Pleas of this County on two counts of one indictment 1) of knowingly possessing and the other of knowingly exhibiting the same "obscene, lewd, or obscene motion picture film" under the provisions of Section 2905.34, Revised Code. On appeal on questions of law, this court affirmed the judgment of the Court of Common Pleas. Thereafter, the Supreme Court of Ohio dismissed the appeal as of right for the reason that "no debatable constitutional question" was involved. *State, Appellee,* v. *Gevaras, Appellant,* 170 Ohio St., 404, 165 N. E. 2d, 652 (February 3, 1960).

The remaining assignments of error are grounded principally upon the claim of the defendant that the provisions of the statute, namely, Section 2905.34, Revised Code, are violative of the constitutional rights of the defendant and are, therefore, null and void.

The defendant contends that the moving picture film in this case is not obscene and that it is within the area of constitutionally protected freedom of speech or press.

This contention of the defendant cannot be sustained. As to the question of obscenity, the three judge trial court, after a lengthy trial, based upon the testimony of numerous witnesses, the viewing of the film and all the evidence, found the moving picture film in question to be obscene, lewd and lascivious within the definition, description and test set forth in *Roth* v. *United States,* 354 U. S., 476.

In negating the claim that obscenity is within the area of constitutionally protected freedom of speech or press, the Supreme Court of the United States in paragraph three of the syllabus of *Roth* v. *United States,* 354 U. S., 476, which was considered and decided June 24, 1957, together with the case of *David S. Alberts* v. *California,* on appeal from the Superior Court of California, Los Angeles County, held, inter alia, as follows:

"Obscenity is not within the area of constitutionally pro-

tected freedom of speech or press—either (1) under the First Amendment, as to the Federal Government, or (2) under the Due Process Clause of the Fourteenth Amendment, as to the States."

And, in syllabus four (c) of the *Roth case, supra*, it is stated:

"The standard for judging obscenity, adequate to withstand the charge of constitutional infirmity, is whether, to the average person, applying contemporary community standards, the dominant theme of the material, taken as a whole, appeals to prurient interest."

Further, the court held in paragraph six of the syllabus, at page 477:

"When applied according to the proper standard for judging obscenity, para. 311 of West's California Penal Code Ann., 1955, which, inter alia, makes it a misdemeanor to keep for sale or to advertise material that is 'obscene or indecent,' does not (1) violate the freedom of speech or press guaranteed by the Fourteenth Amendment against encroachment by the States, or (2) violate the constitutional requirements of due process by failing to provide reasonably ascertainable standards of guilt."

The court, at page 487 of the *Roth case*, declared:

"However, sex and obscenity are not synonymous. Obscene material is material which deals with sex in a manner appealing to prurient interest. * * *"

The trial court, in finding the defendant guilty as charged, was governed by the standards defined and established in *Roth* and *Alberts* as appears in the clear and concise memorandum opinion filed by the trial court in the instant case, and without further discussion of the law, and in respect to the moving picture film, "Les Amants" we agree with and adopt the same as part of our opinion in this case, as follows:

"In the motion picture 'Les Amants' (or The Lovers) the dominant theme of sex is brought into sharp focus early in the film. After the stage has been set and the characters have assumed their relationships to each other, there is evident a calculated, concentrated, and determined effort to portray the sexual theme basely and wantonly. In a tantalizing and increasing tempo, the sexual appetite is whetted, and lascivious

thoughts and lustful desires are intensely stimulated. The apex is reached when the wife of the publisher and the itinerant archeologist engage in protracted love play, give full vent to their emotions, and indulge themselves in sexual activity. Very little, if anything, is left to the imagination. Lurid details are portrayed to the senses of sight and hearing. After the narrative has reached this carefully built up and long-anticipated climax, it scurries to a hasty conclusion.

"In evaluating this motion picture the Court has been ever mindful of the film taken as a whole and its appeal to the average person and has applied contemporary community standards.

"It is the unanimous finding of the Court that the motion picture film in issue is obscene, lewd, and lascivious within the definition, description, and test set forth in *Roth* v. *United States* (June 24, 1957), 354 U. S., 476, 1 L. Ed. 2d, 1498, 77 S. Ct. 1304. 'Les Amants' (or The Lovers), has relation to sexual impurity and has a tendency to excite lustful thoughts. Again, it has a substantial tendency to deprave or corrupt its viewing audience by inciting lascivious thoughts and arousing lustful desires. Finally, the dominant theme of this film, when taken as a whole, to the average person, applying contemporary community standards, appeals to prurient interest. It is further found that the defendant acted unlawfully and knowingly in having in his possession and under his control and exhibiting this motion picture film.

"Therefore, the Court finds the defendant guilty as charged in both counts of the indictment."

As to each count of the indictment, the three judge court imposed a fine only.

Considering the record as a whole, including a viewing of the film by this court, the film being an exhibit in the case, we conclude that the judgment of guilty by the three judge court is amply sustained by the evidence and that no error intervened prejudicial to the rights of the defendant.

The judgment must be and, therefore, is affirmed.

KOVACHY, P. J., SKEEL and HURD, JJ., concur.