DECISION AND JUDGMENT ENTRY
Glen Burchfield appeals from a Hocking County Court of Common Pleas decision ordering that the proceeds from the partition and sale of two parcels of real estate be first applied to his debt to Candace Whaley. Burchfield asserts that the trial court erred in failing to grant the partition on summary judgment. We disagree because genuine issues of material fact were in dispute, and therefore summary judgment was not appropriate. Burchfield next asserts that the trial court should have setoff his debt to Whaley by half of the reasonable rental value of the properties. We disagree because Burchfield failed to present any evidence regarding the reasonable rental value. Finally, Burchfield asserts that the trial court erred by granting Whaley a deficiency judgment in the event that the partition sale does not generate sufficient funds to satisfy Burchfield's debt. We agree, because a party recovering in an action for unjust enrichment cannot recover more than the amount by which the other party was enriched. Accordingly, we affirm in part and reverse in part the judgment of the trial court.
 I.
Burchfield and Whaley became romantically involved and began sharing a residence without an expectation of marriage. They used $1,000 from Whaley's personal savings account as a ten percent down payment on a lot in Murray City, Ohio. They made only one payment toward the $10,000 purchase price before they refinanced and obtained a construction loan, leaving them with a mortgage in the amount of $61,000. Whaley paid the $6,100 down payment to obtain that mortgage, but Burchfield and Whaley put the mortgage in both their names. Additionally, Whaley paid the parties' $1,000 down payment for purchase of their mobile home. Whaley also paid $1,000 for landscape materials, $900 for spouting, and $225 for railroad ties necessary to construct a retaining wall in the yard. They placed the deed in Burchfield's name alone.
Whaley and Burchfield later obtained a second mortgage in the amount of $10,000. The mortgage was applied to the parties' individual and joint debts, but $1,295 more was applied to Burchfield's individual debts than to Whaley's individual debts.
Whaley and Burchfield then learned that their mobile home, its foundation, and other fixtures were located partly upon a neighbor's property. They obtained that lot by trading it for a second lot that Burchfield owned. Burchfield originally purchased his second lot with $125 given to him by Whaley.
In October of 1998, Burchfield and Whaley separated. Whaley continued to live in their home. In April of 1999, Burchfield filed an action seeking to partition the real estate by sale. Whaley filed an answer and counterclaim. Whaley agreed to the partition by sale, but also pursued claims against Burchfield grounded in theories of unjust enrichment, fraud, and constructive trusts.
Burchfield filed a motion for summary judgment, which the trial court denied. At trial, Whaley presented evidence of the amounts she expended for down payments and immediate improvements to the properties in question. Whaley also testified that she spent the bulk of the $30,000 cash that she received from her prior marriage on the home. Whaley claimed that she made the mortgage payments for several months without assistance from Burchfield. Burchfield and Whaley dispute whether he gave Whaley all, or only half, of his paychecks. Burchfield testified that he paid the mortgage without assistance from Whaley for an eleven-month period after he and Whaley separated.
The trial court found that the parties combined their incomes, which were nearly equal, to meet their obligations during the three years that they lived together. The trial court also found that Whaley expended the amounts she alleged for down payments and immediate improvements to the home. However, the trial court determined that Whaley failed to trace the remainder of her $30,000 to home improvements.
The trial court determined that Whaley possessed a one-half interest over the two lots and improvements, despite the fact that the lots were not in her name. Additionally, the court ruled that a partition was necessary, and ordered that the properties be appraised and sold pursuant to the partition statute, R.C. 5307.04. Finally, the court determined that Burchfield was unjustly enriched by Whaley's contributions to the down payments and immediate improvements to the property. It ordered that the net proceeds of the partition sale first be applied to a judgment in favor of Whaley in the amount of $10,715.50. The court ordered that, in the event that the sale of the property did not generate $10,715.50, a deficiency judgment would issue in favor of Whaley.
Burchfield appeals, asserting the following assignments of error:
 The trial court erred when it failed to grant Burchfield's motion for summary judgment when Burchfield was entitled to partition as a matter of law.
 The trial court erred when it failed to off set the mortgage payments expended by Burchfield while the premises were in exclusive possession of Whaley.
 The trial court erred in ordering that any deficit received from the partition be assessed against Burchfield rather than limiting the recovery to the proceeds of the sale.
 II.
In his first assignment of error, Burchfield asserts that the trial court erred in failing to grant the partition on his motion for summary judgment. Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In a partition action, the court must determine the cotenants' equitable interests in the property. See Spector v.Giunta (1978), 62 Ohio App.2d 137, 141; 19 Ohio Jurisprudence 3d (1980) 379, Cotenancy and Partition, Section 148. A cotenant who makes an improvement or contribution to the property is entitled to recoup the value of that improvement upon partition of the property by sale. Youngsv. Heffner (1880), 36 Ohio St. 232; Green v. Armstrong (July 21, 1997), Madison App. No. CA96-11-049, unreported; 19 Ohio Jurisprudence 3d at 384-385, Section 151. This includes a contribution by a cotenant of the other cotenant's share of the purchase price at the time of their joint acquisition of the property. 19 Ohio Jurisprudence 3d at 380, Section 148, citing Jenkins v. Robinson (1960), 175 N.E.2d 123.
In this case, while the parties agreed upon the remedy of partition by sale, the parties did not agree upon their equitable interests in the property. Therefore, the trial court was required to resolve genuine issues of material fact before it could equitably partition the property. Because genuine issues of material fact remained between the parties prior to trial, the trial court did not err in refusing to enter summary judgment. Accordingly, we overrule Burchfield's first assignment of error.
 III.
In his second assignment of error, Burchfield asserts that the trial court erred by failing to setoff Whaley's judgment against him by half of the reasonable rental value of the properties for the eleven months during which Burchfield paid the mortgage and Whaley had exclusive possession.
A cotenant out of possession is entitled to his share of the reasonable rental value of the property exclusively used by the other cotenant.Modic v. Modic (1993), 91 Ohio App.3d 775, 779; Hawkins v. Hawkins
(1984), 11 Ohio Misc.2d 18. However, the party seeking rent bears the burden of establishing the reasonable rental value of the property in question. Modic at 781. In Modic, the court determined that the appellant was entitled to setoff his cotenant's judgment against him by half of the reasonable rental value of the property in question for the years 1981 through 1991. Id. at 780. However, the appellant only presented evidence on the rental value for 1990 and 1991. Id. The court determined that it could only award appellant a setoff for those years that the appellant met his burden of proof and, consequently, the appellant could not receive the setoff for rental income for 1981 through 1989. Id. at 780-781.
By his own admission, Burchfield did not present any evidence of the reasonable rental value of the properties in this case. Burchfield contends that the amount of the monthly mortgage payments constitutes evidence of the reasonable rental value of the property. However, monthly mortgage payments may vary widely based upon factors such as the term of the loan and the amount of the down payment. Therefore, we find that the amount of the monthly mortgage payments does not constitute competent, credible evidence of the reasonable rental value of the property. Given Burchfield's failure to prove the reasonable rental value, we cannot credit Burchfield for half of the reasonable rental value. Therefore, we find that the trial court did not err in failing to setoff Whaley's interest in the properties by half of the reasonable rental value for the eleven months in question.
Accordingly, we overrule Burchfield's second assignment of error.
 IV.
In his third assignment of error, Burchfield asserts that the trial court erred in failing to limit Whaley's potential recovery to the proceeds from the sale of the properties. The trial court granted Whaley a $10,715.50 first interest in the properties based upon the theory of unjust enrichment. Additionally, the trial court stated that it would grant a deficiency judgment against Burchfield if the sale of the properties generated less than $10,715.50.
As noted above, in a partition action, the court must determine the cotenants' equitable interests in the property. See Spector, supra. In an equity proceeding, a court will find unjust enrichment "when a party retains money or benefits which in justice and equity belong to someone else." Liberty Mutual Ins. Co. v. Indus. Comm. (1988), 40 Ohio St.3d 109,110-111; Dixon v. Smith (1997), 119 Ohio App.3d 308, 317. In order to prevail on an unjust enrichment theory, the plaintiff must establish three elements: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." Dixon at 317-318. Each element of unjust enrichment focuses not upon the plaintiff's expenditure, but upon the defendant's benefit. Thus, a plaintiff to an unjust enrichment action cannot recover more than the benefit to the defendant. See Sonkin Melena Co., L.P.A. v. Zaransky (1992), 83 Ohio App.3d 169, 176.
In this case, the trial court focused on the amount that Whaley expended, rather than the value of Burchfield's benefit. In so doing, the trial court has given Whaley the opportunity to recover an amount greater than the amount by which Burchfield was enriched. Instead, Whaley should be permitted to recover only up to the value of Burchfield's benefit. Therefore, we find that the trial court erred as a matter of law by ruling that Whaley can recover more than the proceeds generated from the sale of the properties. Whaley's recovery should be limited to the proceeds of the sale.
Accordingly, we sustain Burchfield's final assignment of error.
 V.
In conclusion, we overrule Burchfield's first and second assignments of error. We sustain his third assignment of error, and instruct the trial court to modify its judgment such that Whaley's recovery is limited to the proceeds from the sale of the properties. We affirm in part, reverse in part, and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.: Concur in Judgment and Opinion.
 ___________________________________ Roger L. Kline, Administrative Judge