Marcus G. Christ, J.
This is a suit by a husband against his wife. The first three causes of action have as their object the recovery of $6,800.
Motion by plaintiff pursuant to rule 109 of the Rules of Civil Practice to strike out new matter contained in paragraphs “Eleventh”, “Twelfth” and “Thirteenth” of the answer pleaded as defenses. The defenses in question purport to allege a gift of the stock and the ring. However, the defenses as pleaded are mere conclusions of law and legally insufficient. (Cf. Bloomingdale v. Bloomingdale, 107 Misc. 646; Gannon v. McGuire, 160 N. Y. 476.) The motion to strike is granted with leave to the defendant to serve an amended answer within 10 *601 days after service of a copy of the order to be entered hereon, with notice of entry.
Plaintiff also moves to strike out the defendant’s counterclaim set forth in paragraphs “ Fourteenth ” through “ Nineteenth ” of the answer upon the ground that the counterclaim does not state facts sufficient to constitute a cause of action. Defendant alleges in this counterclaim that the plaintiff has failed to support the defendant and their children and to pay the carrying and utility charges of the real property owned by plaintiff and defendant as tenants by the entirety; that as a result of such failure on the part of the plaintiff the defendant was compelled to and did expend upwards of $6,000 out of her separate estate for clothes, necessaries and for support and maintenance of the defendant and the infant children of the parties and in payment of the carrying charges, household and utility expenses of such real property. The defendant, further alleges that no part of such sum has been repaid by the plaintiff although payment has been demanded.
The plaintiff’s attack on the sufficiency of the counterclaim appears to be directed at that portion which seeks to recover moneys paid by the defendant for the carrying, maintenance and utility charges relating to the property owned by the parties as tenants by the entirety. The plaintiff advances the theory that as to such charges one tenant by the entirety cannot hold the other liable therefor. Such a theory overlooks the doctrine that during the joint lifetimes of the spouses they are, in effect, tenants in common with the right of survivorship. (Cf. Matter of Goodrich v. Village of Otego, 216 N. Y. 112, 117; 41 C. J. S., Husband and Wife, § 34, pp. 464-465.) The right of a tenant in common to enforce contribution is well established. (86 C. J. S., Tenancy in Common, § 68, p. 448 et seq.) That a right of contribution exists in favor of one tenant by the entirety against the other seems to be indicated by the authorities. (Geldart v. Bank of New York & Trust Co., 209 App. Div. 581, 583; 41 C. J. S., Husband and Wife, § 34, p. 469.) The motion to dismiss the counterclaim is denied. Submit order.