■ GEORGE M. BAILEY et al., Respondents, v. HELEN MORMINO, Appellant, et al., Defendant. — Judgment entered October 24, 1957, reversed on the law and facts and matter remitted to the Official Referee for further proceedings in accordance with the memorandum. Memorandum: The mere fact that the defendant Mormino, one of the tenants in common, has made improvements or repairs upon the property does not in itself necessarily give a right to an equitable allowance. We find no evidence in the record from which it could be determined whether such expenditures were for the purpose of improving and preserving the property or whether they were made for her own personal convenience and enjoyment of the property. We therefore agree that the Official Referee properly disallowed the claim for moneys expended for alleged improvements or repairs (See *Scott* v. *Guernsey,* 48 N. Y. 106; *Cosgriff* v. *Foss,* 152 N. Y. 105; *Ford* v. *Knapp,* 102 N. Y. 135.) The moneys which she expended in payments to the bank which held the mortgage, however, present a different situation. Inspection of the bank receipts in evidence indicates that such payments included taxes and principal and interest on the mortgage. Such payments were presumably necessary to prevent default on the mortgage and consequently inured to the benefit of her cotenants as well as herself. She is entitled to be reimbursed out of the proceeds of the sale for one half of the moneys expended by her for taxes and principal and interest on the mortgage covering the period from March 29, 1949 to the date of the sale. (See *Arthur* v. *Arthur,* 76 App. Div. 330; *Clute* v. *Clute,* 197 N. Y. 439, 447; *Vlacancich* v. *Kenny,* 271 N. Y. 164; *Matter of Hazley,* 166 Misc. 745, 749.) All concur. (Appeal from a judgment of Monroe Supreme Court dismissing the counterclaim of defendant Mormino on the merits, in a partition action.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.