JOSEPH A. SIRIANNI, Respondent, *v.* NATALIE SIRIANNI et al., Appellants, et al., Defendant.

Second Department, November 20, 1961.

434

*Hyman Jacobs* and *Theodore Charnas* for appellants.

*Aaron L. Rochman* and *Charles H. Stoll* for respondent.

Nolan, P. J.  In this partition action between parties formerly husband and wife, the several appeals by the wife present only two questions: (1) The plaintiff husband contends that the judgments sought to be reviewed are not appealable, and, with our permission, he has renewed his prior motion to dismiss which had been denied, (2) The defendant wife presents the single question whether the County Court properly apportioned the proceeds of the sale of the subject property so as to charge her share with contribution on account of expenditures made by her husband to protect and preserve their marital residence prior to the dissolution of their marriage by a final judgment of divorce.  She contends that no contribution may be required of her on account of any such expenditures made during the legal existence of the marriage.  She makes no complaint that any expenditure was for a purpose which would not support a claim for contribution if made after the marriage had been legally dissolved.

There is little dispute as to the material facts.  Where dispute exists there was substantial evidence to support the findings of the Referee, adopted by the court upon the confirmation of the Referee's report which was rendered after hearing the proof adduced by the parties.

The property was acquired in 1946 by plaintiff and defendant as tenants by the entirety while they were husband and wife; and a dwelling erected thereon was occupied by them as their marital residence until May 22, 1954.  On that day, as was later found by the Supreme Court in an action for divorce brought by the husband, the wife committed an act of adultery.  The husband was granted an interlocutory judgment of divorce on August 1, 1955, and the judgment became final as of course on November 1, 1955.

Between May 22, 1954 and November 1, 1955, the wife was in sole possession and occupancy of the subject premises, to the exclusion of the husband.  The Referee in this partition action found, as a fact, that the wife had changed all of the locks; that the husband did not live in, or occupy, the premises at any time after May 22, 1954; and that the actions of the parties indicated clearly that after such date there was no affection between them.  Moreover, the Referee found on sufficient evidence that for the husband to seek access to the premises under the circumstances

which then existed would have been to invite violence and, therefore, that the husband was effectively excluded from the marital residence of the parties since May 22, 1954.

The Referee also found as a fact that the payments which the husband continued to make for mortgage amortization and interest and for taxes and improvements during the period May 22, 1954 to November 1, 1955, were not made by him out of love or affection for the wife; nor were they intended in any way as gifts to her.

The wife did not contest the husband's demand that the property be sold and the proceeds divided. She joined in requesting that relief; she contested only his right to contribution on account of the expenditures made by him *during* the existence of the marriage. Of course, after the divorce decree became final on November 1, 1955, the parties became tenants in common of the property (*Stelz* v. *Shreck*, 128 N. Y. 263); and the wife did not question the husband's right to contribution on account of expenditures *made thereafter*. The interlocutory judgment in this action, entered over the wife's opposition, provided for contribution by her of her share of all the expenditures made both before and after the marriage was dissolved. The final judgment in this action, which was not opposed by the wife, contained a similar provision and directed the distribution of the proceeds of sale accordingly.

The husband asserts that the wife may not appeal from the final judgment, since it was entered on her default (Civ. Prac. Act, § 557); and that her appeal from the interlocutory judgment must also fall, since that judgment is merged in the final judgment which may not be reviewed.

In our opinion, the husband's argument must be rejected. As has been stated, the appeal from the final judgment was only from that portion thereof which awarded contribution from the wife to the husband on account of expenditures made to protect and preserve the marital residence between May 22, 1954 and November 1, 1955. The issue between the parties with respect to such contribution was decided by the Referee against the wife over her opposition, and his determination was confirmed by the adjudication in the interlocutory judgment fixing the wife's liability and charging the amount thereof against her share of the proceeds of sale. The granting of the interlocutory judgment was opposed by the wife, and she took a timely appeal from it. Obviously any attempt thereafter by her to oppose the inclusion in the final judgment of the adjudication of liability for contribution, which is the only portion of it which she seeks to review, would have been a futile gesture.

Nevertheless, if, within the meaning of section 557 of the Civil Practice Act, that portion of the judgment was entered against the wife on her default, we may not entertain her appeal, since our appellate jurisdiction is entirely statutory; and if special provision is to be made for the review of default judgments it must come from the Legislature and not from the courts. We have concluded, however, that the final judgment, insofar as appealed from, was not entered on appellant's default within the meaning of the statute (Civ. Prac. Act, § 557).

Under somewhat similar circumstances appeals have been entertained in the First and Fourth Departments, and in this court. Thus, in *Sauerbrunn* v. *Hartford Life Ins. Co.* (165 App. Div. 506), a member of a mutual benefit life insurance company brought a suit against it on the ground that excessive assessments had been collected, and asked: for an injunction restraining future excessive assessments, for an accounting as to assessments collected in the past, and for the recovery of the amount found due upon such accounting. The defendant demurred upon the ground, among others, of lack of jurisdiction. An interlocutory judgment was entered overruling the demurrer, with leave to the defendant to withdraw its demurrer and answer and providing that in case defendant did not answer " ' then that plaintiff have final judgment against the defendant for the relief demanded in the complaint.' " Defendant, having been refused leave to appeal to the Court of Appeals from an affirmance of this judgment, elected to stand upon its demurrer and failed to appear on the return of a motion by the plaintiff for judgment, which was granted on its default, awarding the plaintiff the amount alleged to have been overpaid. The Appellate Division in the First Department held that the judgment was not entered by default, within the meaning of section 1294 of the Code of Civil Procedure. In so holding, the court said (p. 509): "In the present case the plaintiff was entitled to enter judgment for the relief demanded in the complaint, by virtue of the interlocutory judgment overruling the demurrer. That judgment, so far as it could be entered in advance of an accounting was only for an injunction and an accounting. To that extent the defendant could not have successfully opposed the motion for judgment and it was, therefore, unnecessary for it to appear in opposition." Although the Court of Appeals reversed (220 N. Y. 363), that court said (pp. 367–368): " The presiding justice of that court was of opinion that the failure of defendant to appear on the return of the notice of application for final judgment operated as a default within the meaning of section 1294 of the Code of Civil Procedure and the judgment

allowed at the Special Term being in violation of section 1207 of the Code the remedy of defendant was to move to vacate or modify the judgment so as to make it conform to the relief demanded in the complaint. A majority of the justices concurred in an opinion written by Justice Scott, holding that the judgment entered was not one by default and in that conclusion we concur.''

Similar determinations were made in *Smith* v. *Barnum* (50 Hun 602; opinion in 3 N. Y. S. 476), *People* v. *Manhattan Real Estate Co.* (74 App. Div. 535, revd. on other grounds 175 N. Y. 133) and by this court in *Mathot* v. *Triebel* (102 App. Div. 426). And in *People ex rel. Perrine* v. *Connolly* (217 N. Y. 570) an appeal was entertained from an order of this court, which had affirmed an order of Special Term which stated that no one had appeared in opposition thereto, where it appeared that the Special Term order had followed necessarily from a decision made after a trial and was therefore the result of a contest. Although the authorities cited are not precisely in point, they indicate the disposition which should be made of the husband's argument with respect to the final judgment, and we need not consider his other points with respect to the interlocutory judgment. We note in passing, however, that a timely appeal was taken from the interlocutory judgment; that section 611 of the Civil Practice Act specifically provides that an appeal may be taken to this court from an interlocutory judgment; and that no statutory limitation prohibits the consideration of such an appeal after the entry of final judgment.

On consideration of the merits, we see no reason why the judgments appealed from should be disturbed. The question presented by the wife is primarily one of fact, and its answer must depend in each case on the circumstances under which the expenditures were made.

Ordinarily, and in the absence of evidence to the contrary, it would be presumed that such payments, made by a husband, insofar as they were of benefit to his wife, were intended as gifts (cf. *Hosford* v. *Hosford,* 273 App. Div. 659; *Shapiro* v. *Shapiro,* 208 App. Div. 325; *Yax* v. *Yax,* 125 Misc. 851), or were made in the discharge of his marital obligations. The fact that the husband and wife were living apart or had ceased to have any affection for each other would not, standing alone, require a contrary conclusion.

However, we find nothing in the nature of a tenancy by the entirety or the relationship of husband and wife which compels such a presumption, nor do we believe that it is justified in the instant case. No such question could have arisen at common

law. Under the common law, if the estate was conveyed to husband and wife, the husband had the control and the use of the property during the joint lives and could take all the rents and profits to the exclusion of his wife. Ever since the decision of our Court of Appeals in *Hiles* v. *Fisher* (144 N. Y. 306), however, it has been well established in this State that the rights of husband and wife, under such circumstances, as between themselves are those of tenants in common and each is entitled to half of the rents and profits so long as the question of survivorship is in abeyance (*Hiles* v. *Fisher, supra*; *Matter of Goodrich* v. *Village of Otego*, 216 N. Y. 112). During the existence of the tenancy, a tenant by the entirety may recover from his cotenant his just proportion of the rents and profits of the property so held (*Niehaus* v. *Niehaus*, 141 App. Div. 251; *Maekotter* v. *Maekotter*, 74 Misc. 214). In determining the amount due, the court may take into account and charge against receipts, the carrying charges of the property (cf. *Martos* v. *Martos*, 206 Misc. 860). And in an action for partition, the court may always adjust the equities of the parties in determining the distribution of the proceeds of sale. In so doing the court may take into account moneys received and moneys expended by any of the cotenants during the ownership of the property; and any expenditure made by one of the tenants in excess of his share of the obligations is a charge against the interests of his cotenants (*Goergen* v. *Maar*, 2 A D 2d 276).

In the instant case, the evidence adduced completely negated any presumption which might otherwise have existed that the expenditures by the husband while he was excluded from the marital residence and *prior* to the final judgment of divorce were intended as gifts to the wife; and there is no evidence or claim that they were made in discharge of his marital obligations. Concededly, the husband was not a mere volunteer, since the payments which he made protected his own interest in the common property.

In our opinion, the question presented was properly decided and the interlocutory judgment and the final judgment, insofar as appealed from, should be affirmed (cf. *Enzler* v. *Enzler*, 30 Misc 2d 600; *Geldart* v. *Bank of New York & Trust Co.*, 209 App. Div. 581; *Nobile* v. *Bartletta*, 109 N. J. Eq. 119, 122; *Pieretti* v. *Seigling*, 134 N. J. Eq. 105, 107).

The husband's motion to dismiss the appeals should be denied.

The appeal from the order of October 17, 1956 and the appeal from the decision upon which the interlocutory judgment was entered, should, however, be dismissed. No appeal lies from

an order appointing a Referee to hear and report (*Matter of Regina Corp.* v. *Troy Inds.*, 9 A D 2d 929; *Bazel* v. *Bazel*, 282 App. Div. 952) or from a decision (*Gitter* v. *Schiff*, 10 A D 2d 974).

Neither party should be awarded costs.

BELDOCK, UGHETTA, KLEINFELD and BRENNAN, JJ., concur.

Interlocutory judgment and final judgment, insofar as appealed from affirmed, without costs.

Appeal from the order and appeal from the decision dismissed. No appeal lies from an order appointing a Referee to hear and report or from a decision.

Motion by respondent to dismiss appeals, denied.