■ IRVING A. TOPILOW, Appellant-Respondent, v. ELLEN C. PELTZ et al., Respondents-Appellants.— In an action for partition of real and personal property acquired by plaintiff and defendant Ellen C. Peltz during their marriage, the parties cross-appeal as follows: 1. Plaintiff appeals, as limited by his brief, from so much of the interlocutory judgment of the Supreme Court, Nassau County, entered January 4, 1966 (confirming a Referee's report as modified by the court and granting partition of the realty), as directed that certain accrued and unpaid taxes, assessments and water charges found to be liens on the realty be charged equally to plaintiff and defendant Ellen C. Peltz. 2. Defendants appeal, (1) as limited by their brief, from so much of an order of said court entered June 29, 1964 as (a) granted plaintiff's motion for summary judgment as to the first cause of action alleged in his complaint, namely, for partition of the realty (the second cause is for partition of the personalty), (b) severed the first cause of action, (c) appointed a Referee to ascertain and report *inter alia* the rights, shares and interests of the parties in the realty and (d) denied defendants' cross motion insofar as it was for summary judgment dismissing the first cause of action; and (2) from the interlocutory judgment. Order affirmed insofar as appealed from, without costs. Interlocutory judgment modified, on the law, (1) by amending its first decretal paragraph so as to provide that the Referee's report is confirmed in its entirety; (2) by striking out subdivision "(7th)" of the second decretal paragraph; and (3) by substituting therefor a provision that all the accrued and unpaid taxes, assessments and water charges itemized in subdivision

" (2nd) " of said paragraph shall be charged to defendant Ellen C. Peltz. As so modified, interlocutory judgment affirmed insofar as appealed from, without costs. No questions of fact were considered. Defendant wife, as co-owner of the premises, was entitled to sole possession provided she did nothing to exclude plaintiff, her first husband, from common possession and enjoyment. In 1962, however, she remarried and occupied the premises, a one-family home, with her second husband, defendant Philip Peltz. During such occupancy, plaintiff, although he had voluntarily left the premises in 1961, was effectively excluded from possession and enjoyment. As long as defendant wife's occupancy was exclusive she alone was responsible for any charges assessed against the premises (see 1 Rasch, Real Property Law and Practice, §§ 632–635). It is true that the ownership of plaintiff and defendant wife as tenants by the entirety remained intact despite the severance of their marital status by the foreign divorce decree (*Anello* v. *Anello*, 22 A D 2d 694). However, when they both remarried, they completely destroyed the spousal unity concept upon which tenancy by the entirety is based and transformed their ownership into a tenancy in common (1 Rasch, Real Property Law and Practice, § 608). This made it possible for plaintiff to bring an action for partition. In addition, when defendant wife remarried, she relied upon the efficacy of the ex parte divorce and demonstrated that she no longer considered herself married to plaintiff. She should not be permitted to assert that she is married to her codefendant and at the same time assert that she is married to plaintiff in order to indefinitely prevent partition of the premises (cf. *Krause* v. *Krause*, 282 N. Y. 355). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.