■ In the Matter of JOSEPH PRELEWICZ, Respondent, v. NIAGARA COUNTY BOARD OF ELECTIONS and JAMES A. MCGINNIS, Appellants.— Order unanimously affirmed, without costs. (Appeal from order of Niagara Special Term sustaining nominating petitions.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.

## (October 30, 1969)

■ CARLTON E. JOHNSON, as Administrator of the Estate of CARL JOHNSON, Deceased, Appellant, v. MARTHA C. DEPEW, Respondent.— Judgment unanimously modified on the law and facts in accordance with the Memorandum herein, and as so modified affirmed, without costs to any party. Memorandum: Plaintiff's intestate and defendant were tenants in common of certain property in the Town of Pendleton, which is the subject of this partition action. While there is a presumption that tenants in common share equally in their common tenancy, such a presumption is rebuttable if the facts show that they hold in different shares (Real Property Actions and Proceedings Law, § 943; *Moran v. Thomas*, 280 App. Div. 1037). The evidence supports a finding that plaintiff's intestate contributed $3,300 toward the purchase price of the property in addition to $62.50 as an excess in the payment by him of a note given to the real estate broker, which was more than his one-half share and he is, therefore, entitled to a setoff of $1,712.50 on these items. The credible evidence further shows he paid $5,300 on two mortgages on the property and taxes in the amount of $134.14, thus entitling him to a further setoff of $2,717.07 (See *Vlacancich v. Kenny*, 271 N. Y. 164; *Bailey v. Mormino*, 6 A D 2d 993; *Moran v. Thomas, supra*). Because of a failure of proof, appellant's claim for credit by way of payment for improvements is not allowable (*Cosgriff v. Foss*, 152 N. Y. 105; *Bailey v. Mormino, supra*). Respondent's counterclaim has not been established. Furthermore the record does not support a finding that respondent contributed to the purchase price, to the payments on the mortgage or for the payment of taxes. Respondent should, therefore, account for one-half of the payments made by plaintiff's intestate toward the purchase price, mortgage payments and taxes, or the sum of $4,429.57; and upon the sale of the premises under the judgment, appellant shall have a lien for said amount against respondent's interest. In passing it should be noted that the trial court should not have applied the doctrine of estoppel which was neither pleaded nor raised by any party and certainly not proved by respondent. (Appeal from judgment of Niagara Trial Term, in action for partition.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.