■ PAULA A. DOYLE, Formerly Known as PAULA A. HAMM, Appellant, v WILLIAM R. HAMM et al., Respondents.—In a partition action, the plaintiff wife appeals (1) from an order of the Supreme Court, Suffolk County, dated April 29, 1975, which (a) denied her motion (i) to confirm the Referee's report and (ii) for an interlocutory judgment of partition and sale and (b) directed the Referee to modify his findings of fact and conclusions of law so as to deny plaintiff reimbursement from the defendant husband's share of the net proceeds of sale for certain expenditures made by her and (2) as limited by her brief, from so much of a further order of the same court, entered September 17, 1975, as, upon reargument, adhered to the original determination. Appeal from the order dated April 29, 1975 dismissed as academic. That order was superseded by the order made upon reargument. Order entered September 17, 1975 reversed insofar as appealed from, on the law and the facts, the motion to confirm the Referee's report and for an interlocutory judgment of partition granted; and action remanded to Special Term for further proceedings not inconsistent herewith. Plaintiff is awarded one bill of costs to cover both appeals. We believe that the determination of the Referee, wherein he implicitly found that the plaintiff wife should be reimbursed from the defendant husband's net proceeds of the partition sale of the marital home, *inter alia* for one-half of the payments made by her on the mortgage indebtedness, for maintenance and repair of the marital premises and for taxes, etc., up to the time of the divorce, was eminently correct and should have been adopted by Special Term. The record reveals that the parties married in September, 1954 and purchased the marital home as tenants by the entirety in November, 1962. They took title subject to an existing mortgage, which they evidently assumed and agreed to pay.

Sometime in January, 1965 the husband began to drink excessively, to assault the wife and to leave the marital home for weeks at a time. He also failed to adequately support her and the children. In August, 1965 she obtained a Family Court order requiring him to pay $140 every two weeks as support for the family. His payments thereunder were sporadic. From August, 1966 until sometime in 1971 the husband was incarcerated for a conviction of the crime of manslaughter upon his plea of guilty. The parties were divorced in May, 1972. Finding that she and the five children by the marriage were in dire financial straits because of the willful failure of the husband to support them before he was incarcerated, and because of his inability to do so during his five-year confinement, the wife, in 1966, took a position in a hospital as a staff attendant for a salary of $120 per week, working the 4:00 P.M. to midnight shift. Between the commencement of her employment, and up to and after the divorce, she paid, from her earnings, the bills for repairs and maintenance of the home, and made all of the payments on the mortgage and for other incidentals, such as real estate taxes and insurance. She testified, without contradiction, that all of her earnings went for the preservation of herself and the five children so that the children would have a home. The record also indicates that after his release from prison in 1971, the husband's arrears for support totaled $21,350. In December, 1972, the arrears, on the husband's motion, were fixed at $1,700, and the weekly support payments for the children reduced from $140 to $20. However, even though he was accorded such relief, by making but a few of the $20 payments, he once again demonstrated that he had little or no disposition to support his family. In view of these facts, we conclude that Special Term erred in holding that the wife was not entitled to reimbursement from the husband's share of the proceeds of the partition sale for half of the substantial sums she expended from her earnings with respect to the marital home, from August, 1966 to the date of the divorce in May, 1972. As Special Term correctly stated, payments for the upkeep and maintenance of the marital home by one spouse, prior to a divorce, are normally presumed to have been intended as a gift to the other spouse. However, the evidence adduced herein completely destroyed that presumption. The record clearly demonstrates that the plaintiff shouldered burdensome and onerous responsibilities in connection with the subject premises in order to retain some semblance of a family life for herself and the five children, and also to protect her interest in the common property. For his part, both prior and subsequent to his incarceration, the husband evinced a crass indifference and total disregard, insofar as his interest in the premises carried with it a corresponding duty to pay for at least half of its carrying charges and maintenance costs in order that his family might continue to dwell under its roof. It is axiomatic that, in an action for partition, the court may adjust the equities of the parties in determining the distribution of the proceeds of sale *(Sirianni v Sirianni,* 14 AD2d 432). In the instant situation it would be grossly inequitable to deny the wife's claim for reimbursement for the thousands of dollars expended by her simply because she occupied the subject premises with the five children. That the husband did not, or could not, share possession with her during the period in question was not because of any acts of hers which excluded him; it resulted from his own irresponsible behavior. Further, the abdication by him of his familial responsibilities during such period hardly justifies his obtaining any offset based on her exclusive occupancy (cf. *Embrey v Embrey,* 163 Md 162). Since all equities favor the wife, we have directed that she be reimbursed in accordance with the Referee's findings. Her motion to confirm the Referee's

report and for an interlocutory judgment of partition and sale should have been granted in all respects. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur [84 Misc 2d 683.]