■ MARLENE LARSEN, Appellant, v RAYMOND LARSEN, Respondent.— Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, with costs, to plaintiff. Memorandum: After 18 years of marriage defendant husband left the marital home in March, 1970. In 1968 plaintiff and he had bought the home under land contract for the sum of $15,000, without downpayment. They assumed a bank mortgage of $11,600 and agreed to pay the balance of the purchase price in the amount of $3,400 at the rate of $50 per month. In the next two years defendant installed a new driveway and swimming pool. Three daughters and a son were living at home with plaintiff when defendant left. For a few weeks thereafter he contributed $100 weekly to her for the support of her and the children, but the amount was then reduced to $75 weekly. As the daughters became independent the amount was reduced further and, after the son died, Family Court ordered defendant to pay $15 weekly for plaintiff and the same amount for Sandra, the remaining daughter at home. Plaintiff continued to work after defendant left and, adding his weekly payments to her earnings, she paid the household, medical and other living expenses and also kept up the payments on the land contract and the bank mortgage. In addition, she made some capital improvements in the home. On September 5, 1975, a default divorce on the ground of abandonment was granted to her, and she was also awarded custody of Sandra and the use of the family home

until Sandra should attain 18 years of age. The judgment further provided that when Sandra reached 18 years of age the home should be sold, "and the net proceeds therefrom shall be shared equally by the respective plaintiff and defendant". Plaintiff appeals only from this quoted provision. Sandra became 18 years old in June, 1976. When defendant left plaintiff in March, 1970 the amount owing to the seller on the land contract had been reduced in the sum of $535.51, and the bank mortgage had also been reduced to some extent. Since then, plaintiff has paid the balance owing on the land contract, in the sum of $2,864.49, and has substantially reduced the principal balance owing on the bank mortgage. The seller has delivered a deed of the property running to plaintiff and defendant, which deed is held by plaintiff's attorney, awaiting the outcome of this litigation. Plaintiff contends that defendant's only interest in the property is one half of the amount of the debt reduction as of March, 1970, to wit, one half of the payments made on the land contract and bank mortgage to that time. Defendant argues that the facts of debt reduction and capital improvements on the property made by plaintiff are of no consequence and that as a matter of law he is entitled to one half of the net proceeds of the sale, without reduction. Special Term agreed with defendant. We modify the judgment to provide that upon the sale of the property there be paid to plaintiff from the proceeds the amounts which she has paid since March, 1970 in reduction of the debts on the land contract and bank mortgage, and also the amounts which she has expended since March, 1970 in capital improvements upon the property insofar as such expenditures have increased the value of the property, and that the remainder of the proceeds of sale above the balance unpaid on the mortgage be divided equally between plaintiff and defendant. Since the property was held by them as tenants by the entirety, the improvements made thereon by defendant before he left plaintiff are presumed to have been a gift to her insofar as they affected her interest in the home (*Sirianni v Sirianni,* 14 AD2d 432, 437; *Hosford v Hosford,* 273 App Div 659, 661; *Shapiro v Shapiro,* 208 App Div 325; *Yax v Yax,* 125 Misc 851, affd 217 App Div 714). No evidence was presented to rebut this presumption. No presumption may be drawn, however, that any part of the debt reduction or capital improvements upon the property made by plaintiff after March, 1970 were for the benefit of defendant, for the circumstances of this case rebut the normal presumption of gift to him. Out of the proceeds of sale, therefore, plaintiff is entitled to be reimbursed for her capital improvements insofar as they have increased the value of the property and she is entitled to credit for her reduction of the debts thereon (see *Hiles v Fisher,* 144 NY 306; *Doyle v Hamm,* 52 AD2d 899; *Plancher v Plancher,* 35 AD2d 417, 422; *Sirianni v Sirianni,* 14 AD2d 432, 437-438, supra). Defendant's weekly payments of $30 (later $35) for the support of plaintiff and her daughter, Sandra, as a matter of law, created no excess above minimal needed living expenses, which could be made available for application to debt reduction on the home. As coowner of the property, however, defendant is entitled to share equally in its value as of the date of its sale, after plaintiff has been reimbursed as above provided. If the parties cannot agree on the above amounts, a hearing must be had in trial court for determination thereof. An allowance to plaintiff's counsel for services on this appeal is made in the sum of $300. (Appeal from judgment of Monroe Supreme Court—divorce.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.