■ DONALD J. DAIGLE, Respondent, v HELEN L. DAIGLE, Appellant.— Appeal by defendant from so much of a judgment of the Supreme Court at Special Term, entered September 6, 1978 in Saratoga County, as decreed that the plaintiff has no responsibility to pay rent to her for his exclusive occupation of the marital premises. This appeal is prosecuted upon an agreed statement of facts. The plaintiff and the defendant separated on July 31, 1974, at which time the defendant moved from their jointly owned marital premises. Subsequently, a jury found that defendant had committed adultery and, further, that the plaintiff had treated her in a cruel and inhuman manner. The court granted a divorce to the parties and only so much of its judgment as decreed that the plaintiff need not pay any rent for his exclusive occupation of the premises after the defendant left is placed in issue by the defendant's notice of appeal. The specification of the issue presented pursuant to CPLR 5527 as including the award to plaintiff of one half of the expenses paid by the plaintiff in maintaining the marital premises after the defendant moved out exceeds the notice of appeal and will not be considered. The defendant and plaintiff are in agreement that rent may not be assessed against the spouse remaining in exclusive possession unless there has been an ouster of the other spouse (cf. *Miraldi v Miraldi*, 51 AD2d 538, mot for lv to app den *sub nom. Schwartz v Miraldi*, 39 NY2d 921). The defendant insists that since the jury found that the plaintiff had been guilty of cruel and inhuman conduct toward her, she was "ousted" as a matter of law because such treatment rendered it unsafe for her to cohabit with plaintiff. However, the defendant's complaint specified that the conduct of plaintiff consisted of the following: "he constantly provoked violent arguments. * * * constantly criticizing the defendant and constantly refusing * * * to give the defendant sufficient money to meet the needs of the defendant and the children * * * converted all of the joint

funds on deposit in the bank to his own use and put them in accounts in his own name." The defendant has not provided any transcript of the proceedings and it appears that the above facts constitute the cruel and inhuman treatment. Such facts do not compel a conclusion that the defendant had to abandon the marital premises, and while it might have been unsafe to continue the relationship of husband and wife (cohabit), that does not necessarily mean that it is unsafe to occupy the same premises. Upon the present statement of facts and record, the defendant has not established that Special Term erred in denying her claim for the payment of rent to her by the plaintiff. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.