RALPH WORTHING, Respondent, v PHYLLIS COSSAR, Appellant.

Fourth Department, May 25, 1983

516

**APPEARANCES OF COUNSEL**

*Sax & Sax* (*Jonathan A. Sax* of counsel), for appellant.

*Brick, Brick & Elmer, P. C.* (*Thomas Elmer* of counsel; *Carol A. Condon* on the brief), for respondent.

**OPINION OF THE COURT**

SCHNEPP, J.

In this partition action defendant ex-wife appeals from a judgment after trial adjudging that the parties own their former marital residence as tenants in common, directing that the property be sold and the proceeds be equally divided between them and disallowing various claims by her for repairs, improvements, taxes and mortgage payments. Although we agree that the parties own the premises as tenants in common and that the property should be sold, we disagree with the trial court's distribution of the proceeds of the sale.

The parties were married in 1943 and in 1954 bought the single-family dwelling in which they lived together until February, 1968, when plaintiff moved to Seattle, Washington. Thereafter, he failed to make any payments on the existing mortgage on the premises. Defendant, however, continued to live on the property and she made the payments until the mortgage was fully paid and discharged in 1974. In 1969 plaintiff obtained an ex parte divorce in Seattle and later remarried. Defendant remarried on April 18, 1971, and after her remarriage lived in the marital residence with her new husband who died in September, 1980. On July 19, 1979 plaintiff commenced the within action to partition the property.

■ Defendant's claim that the trial court lacked jurisdiction to enter its interlocutory judgment because plaintiff's ex parte divorce was obtained without either service on her or an appearance by her is without merit. Although an ex parte divorce obtained without service of process or appearance by a spouse does not convert a tenancy by the entirety into a tenancy in common (see *Anello v Anello,* 22 AD2d 694), the subsequent marriages of both parties destroy "the spousal unity concept upon which tenancy by the entirety is based and [transform] their ownership into a tenancy in common" (*Topilow v Peltz,* 25 AD2d 874, 875). Thus, the remarriages of both parties in this case rendered the property subject to partition.

Next, defendant argues that the trial court erred in refusing to order reimbursement of sums expended by her in connection with the property for (1) repairs and improvements after commencement of the action, (2) taxes from 1974 through 1981, and (3) the mortgage payments before her remarriage. In addition, she argues that certain other allowances provided to her by the trial court were improperly offset by the rental value of the property during the term of her exclusive occupancy. These allowances were for her expenditures on (1) the mortgage after her remarriage; (2) repairs and maintenance before commencement of the action; and (3) fire insurance.

A partition action, although statutory (see RPAPL art 9), is equitable in nature and an accounting of the income and expenses of the property sought to be partitioned is a necessary incident thereof (24 NY Jur 2d, Cotenancy and Partition, § 242). A court may compel the parties to do equity as between themselves (14 Carmody-Wait 2d, NY Prac, § 91:242) and may adjust the equities of the parties in determining the distribution of the proceeds of sale (*Doyle v Hamm,* 52 AD2d 899, 900; *Sirianni v Sirianni,* 14 AD2d 432, 438). Thus, in general, expenditures made by a tenant in excess of his obligations may be a charge against the interest of a cotenant (see *Sirianni v Sirianni, supra,* p 438; see, also, *Vlacancich v Kenny,* 271 NY 164, 168; *Johnson v Depew,* 33 AD2d 645; *Goergen v Maar,* 2 AD2d 276, 277; 24 NY Jur 2d, Cotenancy and Partition, § 70).

■ In this case, the trial court erred by not granting defendant an allowance for her expenditures on home repairs after commencement of the action. Generally, a tenant in common may be allowed reimbursement for money expended in repairing and improving the property if the repairs and improvements were made in good faith and were necessary to protect or preserve the property (see *Satterlee v Kobbe,* 173 NY 91; *Cosgriff v Foss,* 152 NY 104; *Ford v Knapp,* 102 NY 135; *Vlcek v Vlcek,* 42 AD2d 308). However, "[t]he mere fact that the defendant * * * has made improvements or repairs upon the property does not in itself necessarily give a right to an equitable allowance" (*Bailey v Mormino,* 6 AD2d 993). There must be proof of the circumstances and need for the restoration work (see *Johnson v Depew,* 33 AD2d 645, *supra*).

Defendant testified at trial that the house needed siding, that the shingles were "falling off", that the roof was "leaking", that "water was coming in around the front windows" and that she could not paint the house anymore. This testimony established that she acted in good faith in having siding installed on the house in 1980 and that the siding was necessary to protect the property. Contrary to the apparent holding of the trial court, the fact that she chose to have this work done after commencement of the action does not rebut the proof that she acted in good faith (cf. *Eldridge v Wolfe,* 129 Misc 617). Thus, she is entitled to be reimbursed one half the $4,400 cost of the siding (see *Doyle v Hamm,* 52 AD2d 899, *supra*).

■ The next allowance which defendant seeks is for the taxes which she paid from 1974 through 1981. Ordinarily, a tenant in common is entitled to be reimbursed for the share of the taxes paid by him for the benefit of his cotenants (see *Johnson v Depew, supra*). However, where, as here, a wife has remarried and lives in the former marital residence with her new husband, the former husband is effectively ousted from the premises, and as long as the wife's occupancy is exclusive, she alone is responsible for any charges assessed against the property (*Topilow v Peltz,* 25 AD2d 874, *supra*). The trial court, therefore, properly refused to reimburse defendant for these taxes.

██ Defendant also seeks to be reimbursed for the mortgage payments which she made before her remarriage on April 18, 1971. Although there is a presumption that mortgage payments and other payments for the upkeep and maintenance of the marital home made by a spouse prior to divorce are for the benefit of the other spouse (see *Sirianni v Sirianni,* 14 AD2d 432, *supra*), the presumption is rebutted by proof, such as that presented in this case, that the husband abandoned the wife and left her with the sole responsibility of maintaining the marital residence (see *Larsen v Larsen,* 54 AD2d 1073; *Doyle v Hamm,* 52 AD2d 899, *supra*). In any event, the parties in this case were divorced in 1969 and after this date the marital presumption was no longer operative. Under the circumstances it would be grossly inequitable to deny defendant's claim for reimbursement. We hold, therefore, that defendant is entitled to an allowance for her mortgage payments prior to April 18, 1971. Since there is no proof in the record of the amount of the monthly mortgage payment, it will be necessary for the trial court to determine the amount of this allowance (see *Larsen v Larsen, supra;* see, also, 10 Carmody-Wait 2d, NY Prac, §§ 70:432, 70:437).

██ The remaining issue raised by defendant concerns the exercise of the trial court's discretion in offsetting certain other allowances granted to her by the rental value of the property. It is clear that where a tenant has been ousted, a court may offset, as against the cotenant's credit for expenses incurred in maintaining the property, the reasonable value of the cotenant's exclusive use and occupancy (see *Yancey v Yancey,* 52 AD2d 603; *Miraldi v Miraldi,* 51 AD2d 538; *Vlcek v Vlcek,* 42 AD2d 308, 311, *supra;* see, also, *Daigle v Daigle,* 73 AD2d 771; 14 Carmody-Wait 2d, NY Prac, § 91:259). The plaintiff here was certainly denied possession and enjoyment of the premises while defendant lived in it with her second husband (see *Topilow v Peltz,* 25 AD2d 874, *supra*). Under these circumstances plaintiff is entitled to one half of the rental value of the property during the period of his ouster (see *Miraldi v Miraldi, supra*). Although plaintiff did not establish the amount of the rental value, it is clear from the record that the home had some value and that in order to do equity between the

parties it was necessary for the trial court to take this value into account. The trial court in effect found that the rental value of the property during the period of plaintiff's ouster equaled whatever credits defendant was entitled to for the mortgage and insurance payments, and for the repairs that she made during this period. In our view, there was sufficient proof in the record for the trial court to make this determination and it did not abuse its discretion in this regard.

Accordingly, the judgment appealed from should be modified to provide that defendant is entitled to be reimbursed from plaintiff's share of the proceeds of sale: (1) one half of the cost of siding the house in 1980, i.e., $2,200; and (2) one half of the amount of the mortgage payments made by her prior to her remarriage on April 18, 1971. The matter should be remitted to the trial court for further proceedings to determine the amount of the mortgage payment allowance.

DILLON, P. J., DOERR, BOOMER and GREEN, JJ., concur.

Judgment unanimously modified, and, as modified, affirmed, with costs to appellant and matter remitted to Supreme Court, Niagara County, all in accordance with opinion by SCHNEPP, J.