OPINION OF THE COURT
Frank M. Klinger, J.
The basic legal issue presented is whether one tenant by the entirety has a cause of action against his cotenant by the entirety-wife for damages occurring to the real property, even though the property in question was "sold” to the plaintiff by *232 the defendant under terms of a court order in which he was directed to buy out her interest in the property.
Plaintiff maintains that he was prohibited from entering the property at any time prior to the closing by Family Court order which had awarded the defendant, his wife, exclusive possession of the house and real property in question. (Copies of the appropriate court orders were never furnished to this court by either party.)
One could certainly argue the question as to whether or not the plaintiff could have or should have simply refused to close or to complete the buy-out of the property under these circumstances. Practically speaking, the plaintiff’s view that such a refusal would only have likely resulted in further devaluation of his one-half interest in the property appears to have some merit. The real issue is not this apparently court-ordered buyout.
The real question is whether the plaintiff, who was a quite articulate lay person, did in fact state a cause of action: that for damage to the property of which he was at the time the one-half owner. The plaintiff analogizes the situation to that of "landlord-tenant” with himself and his defendant wife together as tenants by the entirety constituting the landlord and the defendant wife, who occupied the property, constituting the "tenant”. If we accept this analogy, then the "tenant” is liable to the "landlord”, the plaintiff, for the amount of damages beyond ordinary wear and tear which occurred during her "tenancy” or exclusive occupancy.
There is no question that the plaintiff and the defendant together owned the real property as cotenants by the entirety (24 NY Jur 2d, Cotenancy and Partition, § 41, at 298).
24 NY Jur 2d, Cotenancy and Partition, §69, at 328 in referring to cotenants such as tenants by the entirety states that "Certainly a cotenant in sole possession and receiving all the profits from the property should be deemed to have undertaken the discharge of a duty to the other cotenants analogous to that which a life tenant owes to his remainder-man, that of preserving the property, and he should therefore be required to defray all the expenses” (citing Clute v Clute, 197 NY 439 [1910]). Although it would be difficult to state in the traditional sense that the defendant in the case at bar received "all the profits from the property”, she was certainly in sole possession and it makes sense to this court to hold her responsible for such damages to the property as an ordinary tenant would be held.
*233 The closest case on point that I was able to find after extensive research is Topilow v Peltz (25 AD2d 874, 875 [2d Dept 1966]) in which the Appellate Division held that "As long as defendant wife’s occupancy was exclusive she alone was responsible for any charges assessed against the premises (see 1 Rasch, Real Property Law and Practice, §§ 632-632).” Similarly, Rasch (vol 1, Real Property Law and Practice § 640, at 384) states that "One co-owner may recover for injuries to his interest, even though his co-tenant may be barred from a recovery”. Although the quote in section 640 refers to a cause of action by one co-owner against a third party, I see no reason in law, logic or common sense why one co-owner may not maintain an action against another co-owner for damages caused or allowed by the co-owner to the property in question.
There appears to be little doubt that substantial damage was done during the wife’s occupancy. The items of damage are listed on the estimate by S&J Construction marked as "P5” signed and submitted by the plaintiff himself. The plaintiff indicates $1,045 in materials plus a total of 103 hours of labor. The repair work included replacing damaged doors, holes, damaged walls and a medicine cabinet. The plaintiff also claims damages in the amount of $778.96 for a new carpet which was in fact paid to Granby Discount Carpets. The old carpet was damaged and apparently irreparably smelled from animals. The law of damages, however, is of course not based upon the plaintiff’s replacement cost. The plaintiff cannot recover more for an item that was "damaged” than the item would have been worth before the damage claimed. There was little proof as to the value of this 20-year-old rug prior to its damage.
Similarly, the plaintiff is not entitled to recover his cost of remodeling since the full reasonable cost, if expended, would result in an improvement in value of the premises in excess of its value prior to such damage as can be attributable to the defendant’s occupancy. Analogizing to landlord-tenant, as the plaintiff wishes us to do, a landlord of course may not charge the tenant the full cost of renovating or remodeling premises, even though some or all of the remodeling may have been necessitated by damage caused by the tenant. The landlord is entitled only to recover the diminution in value caused by the damage claimed — not the full cost of remodeling.
All of the foregoing certainly renders calculation of damages somewhat of an approximation. However, Fuchsberg (vol *234 9, Encyclopedia-New York Law Damages § 112, at 98, 100-101) states that "Damages need not be calculated with mathematical certainty to permit recovery, and the fact that damages are difficult to ascertain with exactness does not preclude recovery * * * Reasonable conjecture concerning damages may be indulged in when the situation leaves no other course open”. Here, at least as to the structural repair, the plaintiff of course was his only expert witness. On the other hand his testimony was not refuted in any way by the defendant. I also had the impression throughout the testimony that the defendant could not and really did not seriously dispute the plaintiff’s allegations or the fact that substantial damage was in fact done.
I will assess the total damages for which the defendant is responsible to be $900. Since at the time of the damages she of course was the one-half owner, I hereby grant judgment to the plaintiff in the amount of $450 together with interest in the amount of $20.25 plus court costs in the amount of $4.89 for a total judgment in favor of the plaintiff in the amount of $475.14.
The parties have 30 days to appeal.