■ FREDERICK O. McVICKER et al., Respondents, v NARA V. SARMA et al., Appellants.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Benson, J.), entered September 5, 1989 in Dutchess County, which, *inter alia,* confirmed a Referee's report of sale in an action to partition real property.

The parties, a brother and sister and their respective spouses, purchased 80 acres of land in the Town of Fishkill, Dutchess County, as tenants in common. Plaintiffs moved into an existing rehabilitated structure and defendants built a new house on another portion. When they were unable to agree on a division of the property, plaintiffs commenced this action seeking, *inter alia,* partition. Plaintiffs moved for partial summary judgment on their first cause of action for partition, or for an order declaring that each party owned one quarter of the property, or a sale if partition was found to be impossible, and for either dismissal or severance of defendants' counterclaims. In a decision and order entered January 6, 1987, Supreme Court found that defendant Nara V. Sarma had not opposed partition in his answering affidavit but only reserved the right to be heard on the question of whether partition or sale was preferable, and the manner of division of the land or proceeds of sale. In an interlocutory order entered March 23, 1987, Supreme Court held that a sale was necessary and appointed a Referee to determine and report the existence of any liens against the property. Plaintiffs' motion for clarification of this order was granted and defendants' cross motion to vacate and resettle was denied. An order embodying the decision was entered January 24, 1989 directing that the premises be sold at public auction. Defendants appealed from that order. An order canceling a lis pendens filed by defendants was entered July 3, 1989 from which defendants also appealed.* A final judgment entered September 5, 1989 confirmed the sale at public auction for $443,000 and directed an equal division of the balance remaining after payment of fees, expenses and court costs. This appeal by defendants is from that final judgment.

---

* Defendants' motion to the Second Department for consolidation of the two appeals was denied and plaintiffs' cross motion to dismiss these two appeals was granted. Plaintiffs' supplemental cross motion to dismiss the appeal from the September 5, 1989 final judgment was denied.

Initially, we note that the title to the property purchased at public auction pursuant to the interlocutory judgment is now beyond attack. Defendants have contested the good faith of the purchaser despite cancellation of their notice of pendency of action and contended that the purchaser was aware the property was the subject of this litigation. The Court of Appeals recently held that a purchaser's actual knowledge of litigation and a pending appeal is not legally significant and that absent a validly recorded notice of pendency, an owner has the ability to transfer clear title *(Da Silva v Musso,* 76 NY2d 436).

Defendants further urge that their right to contest the division of the net proceeds remains unimpaired despite dismissal of their appeal from the interlocutory judgment which held that each party owned an undivided one-quarter interest as a tenant-in-common in the premises. Plaintiffs contend that defendants waived their right to appeal this issue by their failure to seek adjustment of their equitable interest in their answer. We cannot agree. Since this action is both statutory *(see,* RPAPL art 9) and equitable in nature, an accounting of the income and expenses of the partitioned property is a necessary incident and should be had as a matter of right before entry of the interlocutory or final judgment and before any division of money between the parties (24 NY Jur 2d, Cotenancy and Partition, § 242, at 478). Further, since a trial was obviated by summary judgment, defendants were denied any opportunity for a hearing where they could present proof to support their claim to a greater share of the net sale proceeds *(see,* 14 Carmody-Wait 2d, NY Prac § 91:249, at 566). It is axiomatic that in an action for partition the court may adjust the equities of the parties in determining the distribution of the sale proceeds *(Worthing v Cossar,* 93 AD2d 515; *Doyle v Hamm,* 52 AD2d 899, 900). Accordingly, the judgment must be modified and the matter remitted to Supreme Court for a hearing to determine the respective contributions of the parties toward the acquisition of the property and the improvements made by each which contributed to the sale price, and to direct an adjustment of the net proceeds *(see, Nicklas v Nicklas,* 138 AD2d 777, 778; *Oliva v Oliva,* 136 AD2d 611, 612).

Finally, we reject defendants' contention that Supreme Court erred in imposing the costs allowed upon a judgment and the additional costs imposed pursuant to CPLR 8303 (a) (3). This case has had a tortuous history of litigation. It was discretionary to direct that statutory costs and expenses be

paid out of defendants' share *(see,* RPAPL 981 [3]; 14 Carmody-Wait 2d, NY Prac § 91:263, at 577; *see also, Moskowitz v Wolchok,* 126 AD2d 463, 464), as well as to impose the additional allowance of up to $3,000 permitted in partition actions *(see,* CPLR 8303 [a] [3]; *Schorner v Schorner,* 128 Misc 2d 415, 424). We find no abuse of discretion in either instance.

Judgment modified, on the law, without costs, by reversing so much thereof as ordered equal division of the sale proceeds to each party out of funds remaining after allocation of the costs and expenses awarded to plaintiffs; matter remitted to the Supreme Court for a hearing and determination of each parties' equitable share of the net proceeds; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.