OPINION OF THE COURT
George A. Murphy, J.
The motion by the plaintiff, for an order, inter alla, awarding the plaintiff temporary custody of the parties’ out-of-wed *469 lock child and support for that child, is granted to the extent indicated below.
At the heart of plaintiff’s omnibus motion for various forms of relief is the unusual request to the court that it award temporary maintenance to one member of an unmarried couple.
Plaintiff’s complaint is apparently based primarily upon the landmark Court of Appeals case of Morone v Morone (50 NY2d 481), wherein the court held that an express agreement between an unmarried couple cohabitating can be enforceable. In addition to an award of child support, plaintiff seeks damages for (1) breach of an express oral contract, (2) specific performance of that agreement and (3) the imposition of a constructive trust. The defendant counterclaims for partition of the residence the parties have shared for over three years.
In October 1988, the parties purchased their residence, a house on Clermont Avenue in Hempstead, New York, as joint tenants with the right of survivorship. Defendant claims that he "advanced the majority of funds” to buy the house.
Plaintiff contends that at the time the parties purchased their house in Hempstead, they allegedly agreed to continue working in their respective professions, dentistry and real estate. Approximately nine months later, in July 1989, the parties’ daughter was born.
Plaintiff maintains that although the defendant declined her proposal of marriage, he agreed to cohabitate and support the plaintiff and the parties’ child as if they were legally bound by marriage in return for plaintiff’s cessation of the practice of dentistry and her devotion to child-rearing and homemaking on a full-time basis. As evidence of this arrangement and agreement, plaintiff points in part, to her allegation that for almost two years the defendant held her and their child out to the world that the parties were married. However, plaintiff contends that in late 1990 the defendant did not want to continue his part of the "contract” and "agreement”, and wanted "out”.
Defendant refutes plaintiff’s contentions that an express oral contract governed their relationship, claiming instead that the parties simply "agreed to live together and care for our child.”
The court’s research did not uncover any officially reported cases in New York, or a provision in the Domestic Relations Law or the Family Court Act authorizing the court to order *470 maintenance or support to a person who is admittedly not married under any common-law application or statutory interpretation (see, Ellen N. v Stuart K., 88 Misc 2d 280, 285). The only exception to the Legislature’s preference to exclude an unmarried person from receiving court-ordered temporary maintenance can be found in Domestic Relations Law § 236 (B) (2), which permits an award of temporary maintenance in matrimonial actions seeking the declaration of the validity of a marriage. To obtain this pendente lite relief, a plaintiff must show a reasonable probability of success in proving the existence of a common-law marriage or a valid foreign marriage (Cross v Cross, 112 AD2d 62, 63). Although New York abolished common-law marriages in 1933 (see, Morone v Morone, 50 NY2d 481, 488-489, supra), it recognizes the validity of a common-law marriage contracted in a sister State, if it is valid where contracted (Matter of Mott v Duncan Petroleum Trans., 51 NY2d 289).
In the case at bar, there is no allegation that the parties had a valid common-law marriage under the laws of another jurisdiction, nor can the complaint be construed as a matrimonial action under Domestic Relations Law § 236 (B), which would enable the plaintiff to apply for temporary maintenance (see, Lavi v Lavi, 103 AD2d 400, 403-404). "[C]ohabitation without marriage does not give rise to the * * * rights which normally attend the marital relation” (Morone v Morone, supra, at 486; see also, Donnell v Stogel, 161 AD2d 93, 96). Even if plaintiff "realize[s] — now too late — the nature of her mistake in not insisting that [the defendant] and [she] become lawfully married,” there is no basis for the court to usurp the function of the Legislature, break new ground and broaden Domestic Relations Law § 236 (B) (2) to encompass a person with plaintiff’s status. Thus, the plaintiff is not entitled, for example, "to the benefits of the more liberal rules concerning preliminary injunctions which apply in the equitable distribution context (Leibowits v Leibowits, 93 AD2d 535)” (Posman v Posman, 108 AD2d 847).
Accordingly, the court deems those parts of branches (2) and (3) of plaintiffs motion, which seek an order directing defendant to pay to plaintiff temporary maintenance and maintain on her behalf life, property and medical insurance as well as the carrying charges on the parties’ residence, to be an application for a mandatory preliminary injunction, and as *471 such denies said application (see, Antar v Antar, 168 AD2d 405). A mandatory temporary injunction may not ordinarily be granted where the effect thereof is to grant to plaintiff the same relief which may ultimately be obtained after a trial on the merits (Ash v Holdeman, 5 AD2d 1017; see also, Bachman v Harrington, 184 NY 458). Moreover, a court cannot grant a mandatory preliminary injunction if the relief the plaintiff is seeking is money damages. A claim for money damages is neither an action for an injunction nor one in which there is involved a "subject of the action” as referred to in CPLR 6301 (James v Gottlieb, 85 AD2d 572).
However, in view of defendant’s counterclaim for partition and his record of paying for the expenses on the parties’ residence, the court sua sponte directs that the defendant preserve the subject property from waste or injury (see, Jemzura v Jemzura, 36 NY2d 496, 503) and pay all carrying charges (real estate taxes, mortgage payments, insurance and utilities [fuel, electricity]) on the parties’ residence. A partition action, although statutory (see, Real Property Actions and Proceedings Law art 9), is equitable in nature and the court can compel the parties to do equity as between themselves (Oliva v Oliva, 136 AD2d 611, 612; Worthing v Cossar, 93 AD2d 515, 517; 14 Carmody-Wait 2d, NY Prac § 91:242; 24 NY Jur 2d, Cotenancy and Partition, § 242) as a means of preserving the assets of the partnership. A person " 'who seeks equity must do equity’ ” (Ripp v Ripp, 38 AD2d 65, 68, affd 32 NY2d 755, quoting Moses v Moses, 170 App Div 211, 217-218). Expenditures made by a tenant in excess of his obligations may be a charge against the interest of a cotenant and the court may adjust the equities of the parties in determining the distribution of the proceeds of any sale of the subject premises (Worthing v Cossar, supra, at 517; Sirianni v Sirianni, 14 AD2d 432, 438; Hosford v Hosford, 273 App Div 659, 662). Thus, the defendant may apply to the trial court, upon the plenary trial of the partition action, to recover any sums expended by him for the preservation of the parties’ real property. Any outstanding monthly carrying charges that have accrued and have not been paid shall be brought current within 30 days after the service of a copy of this order upon the defendant.
[Portions of opinion omitted for purposes of publication.]