■ JOHN R. KELLOGG et al., Appellants-Respondents, v ROBERT V. LASHOMB, SR., et al., Respondents-Appellants. (Appeal No. 1.) [643 NYS2d 786] —Amended judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this action to dissolve an oral partnership between John R. Kellogg (plaintiff) and Robert V. Lashomb, Sr. (defendant), which was formed to operate the French Bay Marina on the St. Lawrence River, plaintiffs appeal and defendants cross-appeal from portions of an amended judgment, entered after a bench trial. We conclude that Supreme Court properly determined that: (1) the dissolution date of the oral partnership between plaintiff and defendant is August 31, 1985; (2) certain real property known as the French Bay Marina, which was purchased in the names of the parties to this action, is not partnership property (*see, Rosen Trust v Rosen*, 53 AD2d 342, 353, *affd* 43 NY2d 693); (3) plaintiffs are entitled to a credit or reimbursement of one half the amount of mortgage principal and real property taxes paid by them since August 31, 1985 (*see, Worthing v Cossar*, 93 AD2d 515, 518; *Bailey v Mormino*, 6 AD2d 993); (4) plaintiffs are not entitled to a credit or reimbursement of one half the amount of insurance premiums or maintenance expenses paid by them since August 31, 1985 (*see, Bailey v Mormino, supra*); (5) plaintiffs are not entitled to a credit or reimbursement of one half the interest on the mortgage principal and real property taxes paid by them since August 31, 1985, pursuant to CPLR 5001 (a); (6) there was no implied agreement between the parties that plaintiffs would pay all property expenses in exchange for their exclusive occupancy of the French Bay Marina (*cf., Jemzura v Jemzura*, 36 NY2d 496); (7) plaintiff did not oust defendants from the French Bay Marina (*cf., Jemzura v Jemzura, supra*); (8) the proper date for the valuation of defendant's partnership interest is August 31, 1985, and defendant may not elect a different valuation date (*see, Tarantino v Albert*, 160 AD2d 310); (9) the appointment of a temporary receiver is

not warranted (*see, Matter of Trepper v Goldbetter*, 205 AD2d 363; *see also*, CPLR 6401 [a]); and (10) defendants are not entitled to the removal of certain finger piers and travel life cribbing (*see generally, Matter of Del Balso Holding Corp. v McKenzie*, 271 NY 313, 316; *Matter of Haher's Sodus Point Bait Shop v Wigle*, 139 AD2d 950, 951, *lv denied* 73 NY2d 701). The court, however, should have given plaintiffs a credit for one half the mortgage interest payments they have made since August 31, 1985, and we therefore modify the amended judgment by awarding plaintiffs an additional credit of one half of $109,051.25 on account of those payments (*see, Johnston v Martin*, 183 AD2d 1019, 1022; *Bailey v Mormino, supra*). In all other respects, the amended judgment is affirmed. (Appeals from Amended Judgment of Supreme Court, Jefferson County, Gilbert, J.—Partnership Dissolution.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.