RICHARD A. LEMCKE, Respondent-Appellant, v MICHAEL A. LEMCKE, Appellant-Respondent. [787 NYS2d 562]—

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (William P. Polito, J., for Thomas A. Stander, J.), entered April 1, 2004. The order and judgment granted in part and denied in part the motion of plaintiff for a judgment confirming the accounting and the distribution of the proceeds from the sale of the partitioned property.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiff commenced this real estate partition action against defendant, and, after a sale of the property, moved pursuant to CPLR 3212 and RPAPL 901 and 915 for a judgment confirming the accounting and the distribution of the proceeds from the sale of the property as set forth in his revised proposed distribution. Supreme Court erred in granting the motion in part and distributing the proceeds of the sale. "A partition action, although statutory (*see* RPAPL art 9), is equitable in nature and an accounting of the income and expenses of the property sought to be partitioned is a necessary incident there-

of" (*Worthing v Cossar*, 93 AD2d 515, 517 [1983]; *see McVicker v Sarma*, 163 AD2d 721, 722 [1990]). Here, "since a trial was obviated by summary judgment, defendant[ was] denied any opportunity for a hearing where [he] could present proof to support [his] claim to a greater share of the net sale proceeds" (*McVicker*, 163 AD2d at 722; *see Ganci v Ganci*, 92 AD2d 881, 882 [1983]). Because triable issues were raised on many of the claims submitted by the parties, plaintiff was not entitled to summary relief and a trial must be held to determine the proposed credits and deductions as asserted by the parties. Present—Scudder, J.P., Kehoe, Martoche, Smith and Lawton, JJ.