■ David S. Wong et al., Appellants, v Chi-Kay Cheung et al., Respondents. [847 NYS2d 793]—

Rose, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered March 1, 2007 in Tompkins County, which, among other things, granted defendants' motion for an order directing the sale of certain real property held by the parties as tenants in common.

The parties to this action are two married couples who have

owned an apartment building as tenants in common for over 20 years. Each couple has taken a turn managing the building as student housing. When they had a falling out, both sought an accounting and partition of the real property. A receiver was then appointed to manage the building, and both sides have agreed that the property is not susceptible to partition and must be sold. Because discovery issues would prevent the completion of the accounting for at least a year, defendants sought an immediate sale, arguing that both parties would benefit by dispensing with an additional year of receivership expenses. Plaintiffs alleged no prejudice, and argued only that case law holds that the accounting must be completed prior to entry of either an interlocutory or final judgment. Supreme Court agreed with defendants that there would be no prejudice to plaintiffs and a benefit to all parties if the property were to be sold and the proceeds held in escrow pending the outcome of discovery, completion of the accounting and entry of a final judgment.

On appeal, plaintiffs merely reiterate our general rule that an accounting is a necessary incident of a partition action and "should be had as a matter of right before entry of the interlocutory or final judgment and before any division of money between the parties" (*McVicker v Sarma*, 163 AD2d 721, 722 [1990]). Because the accounting will take place before any division of money or entry of a final judgment and the delay will be prejudicial here, Supreme Court did not abuse its discretion by directing a sale.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.