■ ROBERT MCCORMICK et al., Respondents, v SARAH PICKERT, Appellant. [856 NYS2d 306]—

Mercure, J.P. Appeal from an order of the Supreme Court (Krogmann, J.), entered March 2, 2007 in Warren County, which, among other things, granted plaintiffs' motion for summary judgment directing the sale of certain real property held by the parties as tenants in common.

Plaintiffs and defendant are siblings who each own an undivided one-third interest as tenants in common in certain real property located on Lake George, in the Town of Hague, Warren County. The parties obtained the property by deed from their mother and, following her death, found themselves unable to come to an agreement on either renting or selling the property. Plaintiffs thereafter commenced this action seeking partition by sale and an accounting. Defendant counterclaimed, asserting that plaintiff Robert McCormick, who allegedly bore financial responsibility for the property, breached his fiduciary duty to her. Defendant sought judgment directing McCormick to account for all financial transactions involving the property since 1990. Supreme Court granted plaintiffs' subsequent motion for summary judgment, appointed a referee to conduct a sale, denied defendant's cross motion for an accounting prior to the sale, and directed that the proceeds from the sale be placed in escrow until an accounting could be conducted. Defendant appeals* and we now affirm.

As Supreme Court noted, there is no dispute that each party holds a one-third interest in the subject property, that there are no liens or other creditors who might have an interest, and that the property cannot be physically partitioned without prejudicing the parties. Nevertheless, relying upon the rule that "an accounting is a necessary incident of a partition action and 'should be had as a matter of right before entry of the interlocutory or final judgment and before any division of money between the parties' " (*Wong v Chi-Kay Cheung*, 46 AD3d 1322, 1323 [2007], quoting *McVicker v Sarma*, 163 AD2d 721, 722 [1990]), defendant argues that an accounting must be held prior to sale. Plaintiffs, in response, assert that they will incur unnecessary expense in maintaining the premises if sale is delayed during discovery in connection with the accounting. Inasmuch as defendant failed to demonstrate that she will suffer any prejudice as a result of the funds from the sale being held in escrow pending an accounting in connection with her counterclaim, we

---

* Defendant indicates that sale of the property has been stayed by Supreme Court pending this appeal.

conclude that Supreme Court did not abuse its discretion in directing a sale (*see Wong v Chi-Kay Cheung*, 46 AD3d at 1323; *but see Sampson v Delaney*, 34 AD3d 349 [1st Dept 2006]; *Donlon v Diamico*, 33 AD3d 841, 842 [2d Dept 2006]). Moreover, the parties are not in dispute regarding their title interests, respective contributions or the inappropriateness of partition herein and, thus, it cannot be said that Supreme Court erred in granting plaintiffs' summary judgment motion and directing a sale (*see Wong v Chi-Kay Cheung*, 46 AD3d at 1323; *Peebles v Peebles*, 40 AD3d 1388, 1391 [2007], *lv dismissed* 9 NY3d 892 [2007]).

Peters, Kane, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.