ALFRED T. McGREGGOR, Plaintiff, *v.* ALBERT L. WALTERS, Defendant.

Supreme Court, Erie County, July 25, 1928.

*Thomas J. McKenna*, for the plaintiff.

*J. S. Knibloe*, for the defendant.

CROSBY, J. This is a partition action relating to two parcels of real estate deeded to the defendant Albert L. Walters and Marjorie W. Walters. In only one of the deeds do the words " his wife " follow the name of Marjorie W. Walters. Plaintiff is the father and only heir at law of Marjorie W. Walters, who died January 20, 1928, intestate, and plaintiff claims to have inherited an equal undivided one-half of the two parcels of real estate in question, upon the theory that his daughter, Marjorie W. Walters, had a former husband, named Haderman, living at the time she was living with the defendant Walters, so that there was, and could be, no marriage with Walters, and no tenancy by the entirety.

The defendant bases his claim to the whole of said two parcels of land upon the claim that there existed between him and Marjorie W. Walters a common-law marriage, and that they, therefore, owned the property as tenants by the entirety, and that he, as the survivor, took it all.

The proof is clear and entirely convincing that Marjorie W. Walters was married to one Haderman in Syracuse, N. Y., December 20, 1909. That fact is established by oral testimony, as well as by the records of vital statistics. It is equally well established that Haderman is now living, or was at the time his wife, Marjorie, was living with Walters. Although his whereabouts is unknown, his brother was a witness on the trial and exhibited and identified a letter from Haderman, written by him as late as 1926. Nothing to the contrary being shown, Haderman must be presumed to be still living. It follows that Albert and Marjorie Walters were not husband and wife, and could not be. From that fact it follows that they were tenants in common of the property in question, not tenants by the entirety, nor joint tenants of any kind. (*Perrin v. Harrington*, 146 App. Div. 292.)

As tenants in common the parties would be presumed to own the property in equal shares, in the absence of proof of intent to

the contrary. (*Jackson* v. *Moore*, 94 App. Div. 504.) But the case of *Perrin* v. *Harrington* (*supra*) holds that, where the purpose of the parties to take as tenants by the entirety has been frustrated by the fact that the parties could not contract a legal marriage, by reason of the fact that one of them has a former spouse living, then, in a partition action, a court of equity may take into account the amounts invested in the property by the respective tenants in common, in determining the shares thereof to which they are entitled.

The proof, in this case, upon the subject of how much Albert L. Walters and Marjorie Walters respectively invested in the property, is not very satisfactory. Inferences have to be drawn from the way in which they kept their bank accounts, and the accounts from which moneys were drawn. to make payments on the several parcels. Following this clue, which is the only one available, it appears, from the evidence, that the initial payment of $1,000 upon the parcel that was bought for $3,000 was made by Albert L. Walters out of his own personal bank account. (This parcel will hereafter be called parcel No. 1.) And it appears that the initial payment of $1,800 upon the other parcel (hereafter called parcel No. 2) was made by Albert and Marjorie Walters out of their joint bank account. The evidence does not disclose how later payments were made, or that any were made, upon either of the parcels.

It follows that Albert Walters should be decreed the owner of all of parcel No. 1, and that Albert and Marjorie Walters should be decreed to have been tenants in common, in equal shares, of parcel No. 2, and that one-half thereof descended at Marjorie Walters' death to her heir at law, and the other half is owned by Albert L. Walters.

No costs, in this case, should be awarded to either party against the other. Costs out of the proceeds of the sale should be awarded to plaintiff.