## (November 20, 1952.)

∎

DOMIT MORAN, as Executor of KELLY MORAN, Deceased, Respondent, v. CORDELIA THOMAS, Defendant and Third-Party Plaintiff-Appellant. SADIE MORAN et al., Third-Party Defendants-Respondents.— Judgment modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: The deed conveying the Martin Street property named Cordelia Thomas and Kaly Moran as grantees. The deed conveying the Hudson Avenue property named Cordelia Thomas and Kelly Moran as tenants in common as grantees. Kaly Moran and Kelly Moran are one and the same person and it is clear that he and Cordelia Thomas became tenants in common as to both of said properties. While there is a presumption, where no evidence appears to the contrary, that tenants in common share equally in their common tenancy, nevertheless such a presumption or inference may be rebutted if the facts show that they hold in different shares. "A court of equity may take into account the amounts invested in the property by the respective tenants in common, in determining the shares thereof to which they are entitled." (McGreggor v. Walters, 133 Misc. 24, 26; Matter of Maguire, 161 Misc. 219, 226, 227; Perrin v. Harrington, 146 App. Div. 292, 296.) The credible evidence supports a finding that Cordelia Thomas contributed $1,921.69 of the $2,800 purchase price of the Martin Street property and $1,000 of the $1,500 purchase price of the Hudson Avenue property and that her interest in the respective properties is in that proportion. She should therefore account for 9/28ths of any net proceeds which she holds as to the Martin Street property and ⅓ of any net proceeds which she holds as to the Hudson Avenue property. The deeds, for which she paid $1,575 to the executor, being invalid, should be cancelled of record and the $1,575 should be returned to her. She should

have judgment against the executor for $1,575, with interest, which judgment should be made a lien against the interest of Kelly Moran or Kaly Moran in said properties. All concur. (Appeal from a judgment for plaintiff in an action to cancel conveyance of realty; the judgment also dismisses defendant's third-party complaint.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.