HULS, APPELLEE, *v*. HULS ET AL., APPELLANTS.

(No. 1027—Decided July 28, 1954.)

*Mr. William D. Schaeffer* and *Mr. Carl Teetors,* for appellee.

*Messrs. Condo, Walsh & Stitsinger,* for appellants.

HILDEBRANT, J.   This appeal is presented *de novo* to this court upon the pleadings and the record from the trial court, together with defendants' depositions and exhibits.

Prior to October 2, 1941, B. F. Huls, now deceased, his wife, Ada H. Huls, defendant, appellant herein, their son, Wills H. Huls (a. k. a. Jack Huls), plaintiff, appellee herein, and their daughter, Mary A. Huls, defendant, appellant herein, lived as a family unit on a rented farm in Butler County, and were engaged in general farming with the usual livestock, tools and equipment to be found thereon.   From about 1931, the family bank account was in the name of B. F. Huls until about 1941 or 1942 when the name of plaintiff was added to it, requiring both signatures on all checks. Later, about November 1944, and from the record it would seem to have been incident to the advancing age of B. F. Huls, who died in 1947, the joint account

was closed out and the account reopened in the name of plaintiff alone with the balance from the joint account. Prior to November 1944, B. F. Huls and W. H. Huls had made chattel loans every year jointly. Thereafter such loans were made in the name of plaintiff alone.

Defendant Mary A. Huls became employed and a wage earner in the city, but contributed to the family support and returned to her farm home regularly at the week end and remained a part of the family unit.

On or about October 2, 1941, the family purchased the Oxford farm, to which they subsequently moved and operated as before, with plaintiff continuing on in the same manner following the death of B. F. Huls.

In unquestioned family agreement at the time, title to the farm was taken in the names of Wills H. Huls and Mary A. Huls, who at the time assumed a mortgage of $6,000 thereon. The balance of the purchase price of $12,500 came from the joint bank account of B. F. and W. H. Huls, plus a $2,000 chattel mortgage loan made by B. F. and W. H. Huls, plus a $500 cash contribution by the defendant, Mary A. Huls. Since that time plaintiff has worked the farm, retiring the mortgage, and making some improvements from proceeds of the farm alone, no accounting between plaintiff and defendant being had at any time. Defendant Mary A. Huls has assisted the farming operation by paying for fertilizer, making mortgage payments and loans to B. F. Huls, and other smaller contributions from time to time.

Plaintiff now claims to be entitled to sole ownership of the farm, subject only to such equities as the contributions of defendant Mary A. Huls might entitle her.

The deed, wherein plaintiff and defendant Mary A. Huls are the grantees, is silent as to the respective shares of the parties, and on its face and in law con-

veys to each of them an undivided one-half interest in the land as tenants in common. The deed being silent as to the respective shares of the grantees, the law presumes that the shares are equal.

We are in accord with the law cited from 156 A. L. R., 516, wherein it is stated:

"The rule is well established that where two or more persons take as tenants in common under an instrument which is silent in regard to their respective shares, there is a presumption that their shares are equal."

While it is generally held that the presumption as to equality of the shares is a rebuttable one, in the instant case the intention of the parties at the time of delivery of the deed in accord with the presumption is clear from the record. B. F. Huls must be credited with $3,000 of the cash payment, and the defendant contributed $500 and joined in the assumption of a $6,000 mortgage, so that the record not only fails to sustain plaintiff's claim of sole ownership, but negatives it.

Plaintiff testified as follows:

"Q. Then you made no claim at the time the farm was purchased or shortly thereafter that you owned more than half of the farm? A. No sir.

"Q. And your claim for more than half of the farm then came about because of the fact that you lived on the farm and you operated it, you worked on it, you made the repairs and you paid off the mortgage and in that way contributed more to the present condition of and the value of the farm than your sister Mary? A. I think so."

The case of *Anderson* v. *Anderson*, 137 Kan., 833, 22 P. (2d), 471, cited in appellants' brief, in the light of plaintiff's testimony, quoted *supra*, would seem to be very much in point. In that case, two brothers were the grantees for a consideration of $13,000, of

which James paid $4,300 and Richard $2,200, both joining in a mortgage for the balance, which was subsequently paid, $4,500 by James in cash, and $2,000 from another mortgage, in which both joined. At page 835, the court stated:

"The court cannot agree that after land has been conveyed to A and B and their heirs, quantity of interest shall be determined by subsequent contributions made through a period of years, first by one and then by the other, on presumptions bobbing up with each cash payment, causing agile interests to hop from one co-owner to the other."

In the headnotes, as reported in 22 P. (2d), it is stated:

"General warranty deed conveying land to two persons, notwithstanding grantees contributed unequally to cash payment, *held* to convey equal interests.

"Equal interests of two grantees under general warranty deed *held* not changed by payment of deferred installments with money contributed by one grantee and money borrowed on joint note and mortgage."

Upon the record, plaintiff has failed to prove any intention of the parties at the time of delivery of the deed contrary to the expressed and presumed equality of interest, and we find that plaintiff, Wills H. Huls, and defendant Mary A. Huls hold title to the farm as tenants in common, share and share alike, each owning an undivided one-half interest therein, and that the real estate is susceptible to the rights of partition.

Upon this record, the court will affirm defendants' right to an accounting from the date of the filing of the petition herein, and the cause will be remanded to the Court of Common Pleas for execution.

*Judgment accordingly.*

MATTHEWS, P. J., and ROSS, J., concur.