■ ROBERT SILVA, Respondent, v. CHARLES SCHERER, Appellant, et al., Defendants.— In an action for the partition of two parcels of real property, defendant Scherer appeals: (1) from an interlocutory judgment of the Supreme Court, Suffolk County, entered December 18, 1962, upon the opinion-decision of the court after a nonjury trial, which adjudged: (a) that plaintiff is a tenant in common with the defendant Scherer in said property; (b) that both plaintiff and said defendant are entitled to an undivided one-half interest in such property; (c) that such property be sold; and (d) that the proceeds of the sale be disposed of as provided by the final judgment; and (2) from an order of the said court, dated December 12, 1962, which denied his motion, made pursuant to section 549 of the former Civil Practice Act, for a new trial. Judgment and order affirmed, without costs. On September 5, 1915 plaintiff's mother (Mary) married one Francis Silva. Plaintiff was the child of that marriage. The mother was never validly divorced from said Francis Silva. However, when she married defendant Charles Scherer in 1931, they both mistakenly assumed that she had been validly divorced from her first husband. On June 5, 1939 Charles Scherer & Co., Inc. (a corporation whose stock was almost wholly owned by Charles Scherer) conveyed to him and Mary, his wife, as tenants by the entirety, one of the parcels involved in this action, together with the improvements thereon made by the corporation; and on January 1, 1945 the second parcel here involved was conveyed to Charles and Mary. Because the marriage between Charles and Mary was invalid, the two conveyances to them created tenancies in common. Since the grantees acted in good faith as to their marriage (though invalid) and with full knowledge of the facts as to Mary's first marriage and alleged divorce but in the mistaken belief that said first marriage had been validly dissolved, Mary's name may not be struck from the deeds (*Bell* v. *Little*, 204 App. Div. 235, affd. 237 N. Y. 519). The first conveyance was a gift from the corporation to the grantees; and proof is lacking that Charles owned more than half the consideration paid for the second conveyance. Therefore, plaintiff, as his mother's only heir, is entitled to an undivided one-half interest in the property (*Bell* v. *Little, supra; Moran* v. *Thomas*, 280 App. Div. 1037). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.