SPECTOR ET AL., APPELLANTS, *v.* GIUNTA ET AL., APPELLEES.

(No. E-78-5—Decided July 17, 1978.)

*Mr. Dennis E. Murray,* for appellants.
*Mr. Leonard J. Catri,* for appellees.

POTTER, P. J.   This is an appeal from a judgment of the Erie County Common Pleas Court in an action for the partition of certain real estate known as 810-812 Wayne Street, Sandusky, Ohio. Title to that property was conveyed by deed to Gerald J. Giunta and Michele K. Giunta, husband and wife, and Rose Marie Giunta, divorced and unremarried.

Rose Marie Giunta is Gerald J. Giunta's mother. All three individuals signed a mortgage deed to the property and all three executed the mortgage note to Western Security Bank. The respective interests of each individual in the subject property is not specified in the deed. For about two years all three individuals occupied the premises. The house on the property was a duplex; Mr. and Mrs. Gerald Giunta lived in one part of the duplex and Rose Marie Giunta lived in another, separate part of the duplex. In 1975, Michele and Gerald obtained a decree of dissolution of their marriage and, as part of the prop-

erty settlement, Gerald conveyed by quit claim deed to Michele all of his right, title and interest in the property at 810-812 Wayne Street. Subsequently, Michele married Kenneth Spector, and, in 1976, Michele and Kenneth filed the complaint in partition which gives rise to this appeal.[1]

The complaint alleged that Michele K. Spector was the owner of an undivided two-thirds interest in the Wayne Street property and that Rose Marie Giunta was the owner of an undivided one-third interest in the same property. Rose Marie Giunta's first answer to the complaint denied the respective interests therein alleged, admitted that Rose Marie Giunta and Michele K. Spector each owned an undivided one-half interest in the property, and prayed that the partition proceed in accordance with law and that the court award Rose Marie Giunta a one-half interest in the value of the Wayne Street property. In her amended answer, Rose Marie objected to the court's prior order directing the sheriff to sell the subject property at public auction and prayed that the court first determine the equitable interests of the parties and allow the parties to exercise the election provided in R. C. 5307.09. The court ordered the sheriff's sale stayed and the cause proceeded to a non-jury trial.

At the opening of the trial, the deed to the property from the prior owners to Gerald J. Giunta, Michele K. Giunta and Rose Marie Giunta, and the quit claim deed from Gerald to Michele were introduced into evidence by plaintiffs.

The parties and the trial court proceeded on the proposition that the introduction of the first deed created a presumption that the shares of the parties were equal and that thereafter the burden to overcome the presumption and to refute the record title was on the defendant, Rose Marie. For support of the proposition, see *Huls* v. *Huls* (1954), 98 Ohio App. 509. We find it proper in a partition action to first determine the interests of the parties in the property and a separate action is not required. See 41 Ohio Jurisprudence 2d 562, Partition, Section 22, and Civ. R. 2.

Rose Marie then proceeded to introduce evidence. It was undisputed that Rose Marie paid at least $14,500 of the

---

[1] Western Security Bank was granted leave to join as a party defendant. It is not a party to this appeal.

$15,000 down payment on the property. The other $500 of the down payment came from either Gerald or Rose Marie.[2] It was also established that Michele did not contribute at the time the down payment was made, but that a few months later Michele paid Rose Marie between $5,000 and $5,050. In regard to the $25,000 mortgage on the property, it was shown that Rose Marie made payments of $83.00 per month while Gerald and Michele paid $115.00 monthly. There was no documentary evidence as to the intent or respective interests of the parties in the property and testimony on this issue was sharply conflicting.

After the close of the evidence the court requested post-trial briefs. In their post-trial brief, plaintiffs argued that defendant failed to rebut the presumption that the shares of all three grantees were equal and that, therefore, due to the subsequent conveyance from Gerald to Michele, Michele had a two-thirds ownership in the subject property. Defendant's trial brief argued that defendant had shown by clear and convincing evidence that ownership of the Wayne Street property was divided equally between Rose Marie (one-half) and Michele (one-half). Upon plaintiffs' request, after the issuance of a memorandum of decision, the trial court entered findings of fact and conclusions of law. Based upon its findings of fact, the trial court concluded that "Each party has an interest in the real estate commensurate to their investment therein," and ordered a distribution of the proceeds of the reinstated partition sale as follows:

"(1) Taxes and costs of administration including counsel fees in equal amounts to be fixed by the court.

"(2) To Mortgagee, the amount due it.

"(3) To defendant, Rose Marie Giunta, interest at 7¼% on $15,000.00 from March, 1973, to October, 1973, plus the sum of $9,450.00 with interest at 7¼% from October, 1973 to date, plus all the monthly payments paid to date with interest

---

[2] There was some question as to whether Gerald J. Giunta contributed $500 toward the down payment. The "earnest money" check to the realtor in the amount of $500 was included in the $15,000 down payment. This check was drawn on Gerald's own checking account and signed only by him. Gerald testified that he did not pay anything toward the down payment. Rose Marie stated that she could not remember who paid the $500 and could not recall whether she put the money to cover the check into his account.

at 7¼%. (Monthly payments of mortgage, interest, insurance, water bills and taxes.)

"(4) To plaintiff, Michele K. Spector, $500.00 with interest at 7¼% from March 1973 to date, plus the sum of $5,050.00 with interest at 7¼% from October 1973 to date, plus all the monthly payments paid to date with interest at 7¼%. (Monthly payments of mortgage, interest, insurance, water bills and taxes.)

"(5) The balance, if any, pro-rated in proportion to the total investment of each party."

Plaintiffs now appeal that judgment and file the following assignments of error:

"I. The court's decision, pro-rating the parties interests in the subject real estate according to each party's total investment therein, was unsupported by the evidence.

"II. The court's decision, based upon its conclusion of law that interests in real estate are determined according to each party's investment in that real estate, is contrary to law.

"III. The trial court abused its discretion and committed prejudicial error in basing its decision on an affidavit of defendant mailed to the court seven weeks after the trial.

"IV. The court's decision, awarding attorney's fees in equal amounts to be fixed by the court, is contrary to law."

We find the first and second assignments of error to be interrelated and shall consider them together. The parties have not overburdened us with case citations on the law of partition. Only two cases are cited: *Huls* v. *Huls, supra,* and *Anderson* v. *Anderson* (1933), 137 Kan. 833, 22 P. 2d 471. In *Anderson,* the court held that when a warranty deed named two persons as grantees, proof of the fact that at the time of purchase the grantees contributed unequal sums was not proof that the grantees took or intended to take in that proportion. The court further stated, at 836, 22 P. 2d at 473:

"Inequality of the cash contribution is purely adventitious, means nothing with respect to what interests the grantees take, and imposition of a presumption they take in unequal proportions is arbitrary and unwarranted."

Thus, the court concluded that despite unequal cash contributions, the legal effect of two grantees in the deed was that the grantees took equal interests in the subject property. The *Anderson* case is cited with approval in *Huls, supra.* Record ti-

tle to the subject property in *Huls* was held by a brother and sister who had contributed unequal amounts towards the purchase price. Because the deed was silent as to their respective shares, the court presumed that the interests of the parties were equal and held that this presumption was not rebutted by evidence of unequal cash contributions.

In the case *sub judice,* the trial court held that the presumption that Gerald, Michele and Rose Marie owned equal shares of the property was rebutted and ordered that Michele and Rose Marie share in the proceeds of the partition sale in proportion to the amounts contributed. Except for the reference in appellee's amended answer to the determination of equitable interests, which appellee did not reiterate in her post-trial brief, the record reveals that neither appellee nor appellants actively sought the distribution eventually awarded. We find, however, that the distribution awarded by the trial court is consistent with the equitable nature of an action for partition and is supported by the law and the evidence presented. See 41 Ohio Jurisprudence 2d 586, Partition, Section 49, and cases cited therein.

Notwithstanding *Anderson, supra,* many courts have held that in a proper case the presumption of equality of shares between co-tenants can be rebutted by evidence showing unequal contributions toward the purchase price and that a presumption arises that the parties intended to share the property in proportion to the amounts contributed. The property is then partitioned, or proceeds of a sale are distributed in accordance with the amounts contributed to the purchase price by the co-tenants. See *Anderson* v. *Stacker* (Mo. 1958), 317 S.W. 2d 417; *Moran* v. *Thomas* (1952), 280 App. Div. 1037, 117 N.Y.S. 2d 190; *Williams* v. *Monzingo* (1944), 235 Iowa 434, 16 N.W. 2d 619. *Cf. Jezo* v. *Jezo* (1964), 23 Wis. 2d 399, 129 N.W. 2d 195. See also II Casher, American Law of Property 19, Section 6.5 (1952); 20 American Jurisprudence 2d 215, Cotenancy and Joint Ownership, Section 118; 86 Corpus Juris Secundum 378, Tenancy in Common, Section 18; Annotation 156 A.L.R. 515. *Cf.,* Annotation, 31 A.L.R. 2d 1255, at 1311.

*Huls, supra,* is not in conflict with the trial court's decision in the case *sub judice.* In *Huls,* the defendant was required to prove that the intention of the parties at the time of the delivery of the deed was contrary to the expressed and

presumed equality of interest. The *Huls* court held that evidence of unequal contributions was not alone sufficient to rebut that presumption.

While the trial court followed a recognized proposition of law, the holding and distribution thereunder was not one which was argued or reasonably anticipated by either party. Therefore, the evidence on the issues raised by the application of the legal principles utilized by the trial court was sparse. We find that substantial justice would be served by a retrial in which the parties are given a full right to submit evidence concerning any unequal contribution to the purchase price and other equities or conflicting claims.[3] See 41 Ohio Jurisprudence 2d 629, Partition, Section 99. To the extent and for the reasons set forth, assignment of error No. 1 is well taken. Assignment of error No. 2 is not well taken.

Appellants' third assignment of error concerns the trial court's consideration of an affidavit submitted to it by appellee seven weeks after the conclusion of the trial. In this affidavit, appellee stated that since 1973 she had paid one-half of the insurance premiums, the water bills, and the real estate taxes relating to the Wayne Street property. Although the appellee did not move to reopen the case to submit the affidavit, the trial court accepted the affidavit and incorporated the facts stated therein into its decision. Under the facts of this case, we find that the consideration of this affidavit was error prejudicial to the rights of appellants. Appellants should have been allowed to cross-examine appellee on the facts stated in the affidavit and should have been granted an opportunity to introduce evidence concerning their own payments for expenses, repairs, or improvements. Assignment of error No. 3 is well taken.

Appellants' fourth assignment of error concerns the court's award of attorney fees. While the actual amount of the award has not yet been determined, the court's order did determine that counsel fees were to be awarded in equal amounts. R. C. 5307.25 provides:

"Having regard to the interest of the parties, the benefit each may derive from a partition, and according to equity, the

---

[3] We note that Michele testified at trial that she expended between $5,000 and $8,000 to repair or improve the property; however, the exact amount expended or the nature and circumstances of the repairs or improvements was not established.

court of common pleas shall tax the costs and expenses which accrue in the action, including reasonable counsel fees, which must be paid to plaintiff's counsel unless the court awards some part thereof to other counsel for services in the case for the common benefit of all the parties; and execution may issue therefor as in other cases."

Although the trial court may have drawn upon its observations of the conduct and efforts of the parties during the course of the trial to determine the benefits derived from the partition, we hold that upon remand the court should proceed to explicitly address the issue of the extent to which either or both sides was benefited by the services of counsel in the partition proceeding and to award attorney fees on that basis. The amount of the award shall then be determined in accordance with the principles set forth in *Glimcher* v. *Doppelt* (1966), 5 Ohio App. 2d 269. To this extent and for these reasons, assignment of error No. 4 is well taken.

In summary, then, we hold that the trial court's method of distribution in proportion to contributions is legally proper; however, the cause must be remanded in order to fully determine, *inter alia,* the amount of contributions made by each party to the purchase price, for expenses, repair or improvement of the property, and for a determination of attorney fees.

*Judgment affirmed in part*
*and reversed in part.*

BROWN and CONNORS, JJ., concur.