DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Danelle Brosky, appeals the decision of the Lorain County Court of Common Pleas, distributing the proceeds from the sale of certain real estate. We affirm.
In 1997, the parties purchased a residence located on 2706 W. 37th Street in Lorain County, Ohio. The purchase price of the property was $80,000. Mr. Brosky contributed $4,000 to the down payment and Ms. Brosky contributed $2,493.33. The general warranty deed did not specify the proportions of the parties' interests. The parties cohabited for less than one year before Mr. Brosky vacated the premises. The parties had previously agreed that if one party should vacate the premises, the other would pay the vacating party his equitable interest in the property in exchange for his ownership interest. Ms. Brosky, however, did not pay Mr. Brosky for his equitable interest upon his vacating the premises.
As the parties were unable to agree on a division of the property, Mr. Brosky brought a claim for partition against Ms. Brosky on May 4, 1999. The claim also named First Federal Savings and Loan Association of Lorain ("First Federal") and Daniel J. Talarek, Lorain County Treasurer, as defendants, noting that each may have claims to or interests in the property. Ms. Brosky counterclaimed for contribution from Mr. Brosky for a share of the expenses she incurred with respect to the real property after Mr. Brosky vacated the residence.
On April 19, 2000, the property was sold at auction to Mr. Brosky for the sum of $85,400. Ms. Brosky continued to live in the property until May 29, 2000. When Mr. Brosky eventually took possession, fecal matter had been spread on the walls and there was extensive damage to the carpet and cabinets. After the appropriate disbursement of funds to retire the mortgage held by First Federal, to pay the taxes due, to pay court costs, and to pay the Sheriff's cost of the deed, $8,766.44 in proceeds remained for distribution by the court. In a judgment entry journalized on July 27, 2000, the trial court awarded $7,574.84 to Mr. Brosky and the balance of the proceeds, $1,191.60, to Ms. Brosky. This appeal followed.
Ms. Brosky asserts two assignments of error. We will address them together, as they share similar issues of law and fact.
 First Assignment of Error THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN MAKING ITS AWARD OF THE DISTRIBUTION OF PROCEEDS FROM THE SALE OF THE PARTIES' REAL ESTATE[.]
 Second Assignment of Error THE TRIAL COURT'S AWARD OF THE DISTRIBUTION OF PROCEEDS FROM THE SALE OF THE PARTIES' REAL ESTATE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]
In her assignments of error, Ms. Brosky has argued that the trial court incorrectly determined that she was not entitled to contribution from Mr. Brosky for the payments made by her after Mr. Brosky left the residence. Specifically, she sought reimbursement for her payments toward insurance, the outstanding mortgage, property taxes, and general maintenance of the property. For essentially the same reasons, Ms. Brosky asserts that the trial court's decision was against the manifest weight of the evidence. We disagree.
R.C. 5307.01 provides that "[t]enants in common, survivorship tenants, and coparceners, of an estate in lands, tenements, or hereditaments * * * may be compelled to make or suffer partition thereof[.]" If the trial court finds that the plaintiff has a legal right to any portion of an estate, partition may be ordered in favor of the plaintiff or of all interested parties. R.C. 5307.04. In Neubert v. Cassidy (Feb. 16, 2000), Medina App. No. 2954-M, unreported, at 4, this court set forth the law applicable to the determination of ownership interests in the partition of real estate:
 When the deed to a parcel of property names two or more grantees, but remains silent with respect to the proportions in which ownership is shared, the grantees are presumed to hold equal interests in the property. Bryan v. Looker (1994), 94 Ohio App.3d 228, 231. The parties may rebut this presumption by providing evidence that the parties contributed toward the purchase price in unequal proportions. Spector v. Giunta (1978), 62 Ohio App.2d 137, 141. Evidence of unequal contributions, in turn, establishes a rebuttable presumption that the parties held ownership interests proportional to their contributions to the purchase price. Bryan v. Looker, 94 Ohio App.3d at 231. If this presumption is not overcome, the trial court may partition the property in proportion to the parties' contributions. See State v. Rebman (Oct. 19, 1994), Lorain App. No. 94CA005857, unreported, at 4.
In this case, the general warranty deed did not specify the proportions of the parties' interests in the property, and therefore, the parties were presumed to hold equal interests in the property. Mr. Brosky, however, rebutted this presumption by presenting evidence that he contributed a greater amount to the purchase price of the real estate — Mr. Brosky contributed $4,000 to the down payment, while Ms. Brosky contributed $2,493.33. Accordingly, we cannot say that the trial court erred in its proportioning of the property.
The gravamen of Ms. Brosky's argument, however, is that the trial court incorrectly determined that she was not entitled to contribution from Mr. Brosky for payments that she made toward insurance, the outstanding mortgage, property taxes, and general maintenance of the property, after he had vacated the premises.
Generally, "[i]n the absence of an agreement to the contrary, a cotenant may not recover compensation for care and management of the common property." Neubert, supra, at 9. However, "when two parties are under a joint obligation and one party discharges the whole, that party is entitled to contribution." Id. Accordingly, in Neubert, we held that a cotenant may recover contribution from another cotenant in proportion to his or her interest in the property for payments made toward insurance, the outstanding mortgage, and property taxes. Id. at 10. Furthermore, we noted that the fact that one cotenant enjoys exclusive use of the property immediately prior to partition does not affect the joint obligations of cotenants. Id.
In the present case, it appears that the trial court denied Ms. Brosky contribution based on the operation of the "clean hands" doctrine. "Although the right to partition is controlled by statute, it has long been held to be essentially equitable in nature." Bryan,94 Ohio App.3d at 231; see, also, Russell v. Russell (1940), 137 Ohio St. 153, 157. "The `clean hands doctrine' of equity requires that whenever a party takes the initiative to set in motion the judicial machinery to obtain some remedy but has violated good faith by his prior-related conduct, the court will deny the remedy." Marinaro v. Major Indoor Soccer League
(1991), 81 Ohio App.3d 42, 45. "The maxim, `he who comes into equity must come with clean hands,' requires only that the [party seeking relief] must not be guilty of reprehensible conduct with respect to the subject matter of [the] suit." Id.
Here, Ms. Brosky refused to honor their prior agreement and pay Mr. Brosky for his equitable interest in the property when he vacated the premises. She also would not allow the property to be sold, despite Mr. Brosky's request. Essentially, she requested that the trial court order Mr. Brosky to reimburse her for expenses she incurred as a result of her refusal to honor their agreement.[1] There was no such agreement inNeubert, supra. Consequently, we conclude that the trial court did not err in not awarding Ms. Brosky contribution from Mr. Brosky for certain payments made by her after he had vacated the property. We further find that the trial court did not act against the manifest weight in making that determination.
Ms. Brosky makes two additional arguments for the reversal of the trial court's decision. First, Ms. Brosky contends that the trial court erred in not making findings of fact and conclusions of law. Civ.R. 52 provides that "[w]hen questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing [timely] requests otherwise[.] * * * [I]n which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law." Here, Ms. Brosky concedes that neither party requested findings of fact and conclusions of law. As such, we hold that the trial court did not err in failing to make findings of fact and conclusions of law, pursuant to Civ.R. 52.
Next, Ms. Brosky complains that even without written findings of fact and conclusions of law, the trial court's basis for its distribution of the proceeds is immediately discernable as the trial court relied solely on Mr. Brosky's brief in making its decision. She derives this presumption from the fact that the trial court stated in its judgment entry that "the Court finds Plaintiff's brief to be well taken." From this general premise, Ms. Brosky then avers that trial court acted unconscionably in relying solely on Mr. Brosky's brief in determining the distribution of the proceeds. The trial court, however, noted in its judgment entry that it had "reviewed both parties [sic] briefs on the issue of distribution of proceeds from the sale of real estate [and] the Court finds Plaintiff's brief to be well taken." Clearly, the trial court reviewed all the briefs and attached materials submitted by the parties, including the reply briefs. Hence, we find that Ms. Brosky erroneously concluded that the trial court acted unconscionably in relying solely upon Mr. Brosky's brief in reaching its decision.
Accordingly, appellant's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM G. BATCHELDER
CARR, J., WHITMORE, J., CONCUR.
[1] Had Ms. Brosky sold the property at Mr. Brosky's request, she would not have had to make mortgage and other payments for over a year. Similarly, had she paid Mr. Brosky for his equitable share of the property pursuant to the agreement, he would have transferred his ownership interest to her and the payments on the property would have become solely her responsibility.