DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a summary judgment issued by the Fulton County Court of Common Pleas in a foreclosure action.
On December 1, 1998, Shearon Blosser and a man purporting to be her husband, appellee, Samuel M. Blosser, borrowed money from appellant, CitiFinancial, Inc. The couple secured the loan, granting appellant two mortgages on certain Fulton County real property owned by Samuel and Shearon Blosser as tenants in common. The man who represented himself to appellant's agents as Samuel Blosser was Shearon Blosser's brother, Gary M. Kindle.
If appellant took any measure to assure the identity of the man holding himself out to be Samuel Blosser, it was ineffective. It is undisputed that appellee was unaware of this transaction and shared no part in the proceeds. Shearon Blosser and Kindle were eventually prosecuted criminally and convicted of "forgery."
On July 21, 1999, appellee commenced divorce proceedings against Shearon Blosser. On January 27, 2000, appellant instituted the foreclosure action which underlines this appeal. Appellant sought to foreclose only on the interest Shearon Blosser held in the real estate, conceding that appellee's forged signature on the loan documents was ineffective.
Appellee answered appellant's claim, denying that Shearon Blosser ever had any interest in the property. In a counterclaim, appellee accused appellant of negligently failing to verify the identity of its mortgagees and requested money damages should the mortgage be foreclosed. In a second counterclaim, appellee asserted that appellant violated the federal Truth in Lending Act, arguing that the resulting mortgage should be held void. Appellee also cross-claimed against Shearon Blosser and entered a third-party complaint against Gary Kindle, seeking indemnity should appellant prevail. Accompanying appellee's answer was a motion for summary judgment premised on the asserted Truth in Lending violation.
Appellant answered appellee's counterclaim with a general denial and responded to the motion for summary judgment with a memorandum, pointing out that no part of its claim was based on appellee's forged signature. Appellant sought only to foreclose the interest pledged by Shearon Blosser. Consequently, appellant argued, a Truth in Lending notice was unnecessary for appellee. The trial court denied appellee's summary judgment motion.
In the divorce case, which was tried before the same judge, appellee claimed whole ownership of the contested property. Eventually, that court ruled in favor of appellee, ordering that the property, "* * * shall be [appellee's] real estate free and clear of all claims of [Shearon Blosser, who] has no interest in said real estate * * *."[1]
Appellee again moved for summary judgment. Accompanying appellee's motion was his affidavit in which he averred that the property in question was acquired from his grandmother who loaned him $40,000 to buy the property. The remainder, being the difference between the value of the property and the $40,000, "* * * was considered a gift from my grandmother and grandfather to me." Appellant responded with its own summary judgment motion.
The trial court denied appellant's motion for summary judgment, but this time granted appellee's. The court observed that appellant had notice of the divorce action in which ownership of the property was considered and elected not to intervene. As a result, the court concluded appellant, "* * * is now `estopped' under the doctrine of `collateral estoppel' from contesting the ownership determination * * * made in the D.R. case * * *."
From this judgment, appellant now brings this appeal, asserting, in a single assignment of error, that the trial court erred in granting summary judgment to appellee and in denying appellant's own summary judgment motion.
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell V. Interim Personnel, Inc.(1999),135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
"Collateral Estoppel" may not form the basis of a judgment in this matter.
 "The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue is a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different" Fort Frye Teachers Assn. v. SERB (1998), 81 Ohio St.3d 392, 395, citing Norwood v. McDonald (1934), 142 Ohio St. 299, paragraph three of the syllabus.
As noted, for an issue resolved in a prior action to have a preclusive effect in a later case, the parties in interest must be the same or in privity. Appellant never intervened in the Blosser's divorce, nor was it otherwise made a party. Therefore, appellant is not bound by the divorce judgment. For this reason, appellant is correct in its assertion that the basis for the summary judgment against it was erroneous.
Appellee, however, suggests that even if the trial court erred in its application of the doctrine of issue preclusion, we should nevertheless affirm the court's decision. See, Madison v. USFG Financial ServicesCorp. (1997), 118 Ohio App.3d 431, 436, citing State ex rel Carter v.Schotten (1997), 70 Ohio St.3d 89, 92. Appellee argues that the court should have granted him summary judgment on the Truth in Lending question.
The trial court was, nevertheless, correct to reject appellee's motion for summary judgment based on a notice violation of the Truth in Lending Act, because appellant's suit made no claim on appellee's interest. Even though appellee's forged signature was ineffective, Shearon Blosser still had a tenancy in common interest in the property and could pledge that. No notice was, therefore, due appellee.
Moreover, according to appellant, it is undisputed that Shearon Blosser did pledge her interest in the property and that she is in default. Appellant argues that on this undisputed evidence it was entitled to summary judgment.
This suit was, in essence, a request for partition of Shearon Blosser's interest in the property and a petition to foreclose the mortgage on Shearon Blosser's interest only. However, there is a dispute as to what portion of the whole comprised Shearon Blosser's share.
The parties agree that when a deed is silent as to the respective shares of a tenancy in common, a presumption arises that the interests of the parties are equal. Spector v. Giunta (1978), 62 Ohio App.2d 137,140-141; Huls v. Huls (1954), 98 Ohio App. 509, 511; 1 McDermott's Ohio Real Property (1988) 177. However, this presumption may be rebutted with "* * * evidence as to the intent or respective interests of the parties in the property * * *" at the creation of the estate. Giunta at 140. One piece of evidence which may be used to rebut the presumption is evidence that the parties contributed unequal portions to the purchase price. Id. When competent creditable evidence of unequal contributions is presented, the presumption of an equal distribution is rebutted and an alternative, "* * * presumption arises that the parties intended to share the property in proportion to the amounts contributed." Id at 141; 1 McDermott's at 189. Whether one or the other of these presumptions prevails is ordinarily a question of fact. Huls at 512; Guinta at 139.
As we have previously noted, summary judgment may not issue when there is a genuine issue of material fact. The question of the Blossers' intent as to their relative interests when they accepted the property at issue as tenants in common is certainly a fact in controversy and material to this case. Therefore, summary judgment in favor of appellant in this matter is precluded.
Accordingly, appellant's single assignment of error is well-taken to the extent that it complains of the summary judgment in favor of appellee. Appellant's plea that its own motion for summary judgment was denied erroneously is not well-taken.
Upon consideration whereof, the judgment of the Fulton County Court of Common Pleas is reversed, in part, and affirmed, in part. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Melvin L. Resnick, JUDGE
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.
[1] Appellant argues that the use of the word "shall" in the divorce judgment entry makes the order prospective only. Appellee responds by attaching a "clarification" entry in which the Domestic Relations judge states that at, "* * * no time during the marriage did Plaintiff Shearon Blosser have any interest in said property * * *." However, this entry was not before the trial court in this case and, therefore, may not be properly made a part of the record before us. See, App.R. 9.