T.C. Summary Opinion 2011-35


UNITED STATES TAX COURT


JOHN L. AND MYRNA L. PARSLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17864-09S.                Filed March 24, 2011.


John L. and Myrna L. Parsley, pro se.

<u>Archana Ravindranath</u>, for respondent.


    DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue,

and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2006 a deficiency in petitioners' Federal income tax of $33,571 and an accuracy-related penalty under section 6662(a) of $6,714.20.

The parties agree that petitioners are entitled to deduct the car and truck expenses claimed on their respective Schedules C, Profit or Loss From Business. The parties also agree that petitioners are not entitled to deduct other expenses of $25,360 on Schedule E, Supplemental Income and Loss.

Petitioners failed to offer any evidence or argument to contest respondent's adjustments to their deduction for personal exemptions and their itemized deductions. Thus, petitioners are deemed to have conceded these issues. See, e.g., Bradley v. Commissioner, 100 T.C. 367, 370 (1993); Sundstrand Corp. & Subs. v. Commissioner, 96 T.C. 226, 344 (1991); Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988).

The issues remaining for decision are whether petitioners properly reported their capital gain income for the year and whether petitioners are liable for the accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence

are incorporated herein by reference. Petitioners resided in Ohio when the petition was filed.

## Background

Myrna L. Parsley (petitioner) has been a real estate agent for more that 30 years. Petitioner in 1999 or 2000 took classes to learn about section 1031, involving so-called like-kind exchanges. She takes continuing education courses to maintain her real estate license and is a member of various real estate professional associations. Petitioner married her current husband, petitioner John Parsley, in 2000. He is also in the real estate business.

Petitioner's ex-husband, Joseph Benedict (Benedict), was a real estate broker. While married to petitioner Benedict purchased commercial property on Agler Road (the property) in his name only in June 1990. Petitioner learned of the purchase in 1992. After petitioner confronted Benedict with her discovery, he deeded to her an undivided interest in the property as a tenant in common. At that time petitioner was not engaged in the sale of commercial property. In January 1998 petitioner and Benedict divorced.

As part of the 1998 divorce settlement, Benedict was ordered to deed to petitioner his remaining ownership interest in the property, making her sole owner of the property. In September 2000 the State court caused Benedict to issue a quitclaim deed to

petitioner for the property. Petitioners sold the property in February 2006 for $700,000. Petitioners reported a capital gain of $256,272 from the sale on their 2006 Federal income tax return. Petitioners calculated their gain using a basis of $502,205. Benedict purchased the property for $320,000. Respondent computed a capital gain on the sale of $488,071. The record does not reflect the extent to which depreciation affects the parties' calculations of basis and gain.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioners did not argue or present evidence that they satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

## Capital Gain Income

Petitioners argue that they relied on their tax adviser in reporting the tax attributes of the property. Petitioner testified that in 1998 her adviser asked her what her cost basis in the property was and she told him she did not know. According to petitioner, the adviser told her that the "regulations"

allowed her to use the then fair market value (FMV) of the building, about $500,000, as the basis for depreciating the property.  Petitioner further testified that the adviser cautioned her to use the 1998 FMV as her basis in the property if she were to sell it.

The tax adviser who prepared the 2006 return was not the same tax adviser who gave petitioner the advice on the proper basis for depreciating and selling the property.  Petitioners told the "new" adviser that their basis in the property was the approximately $500,000 on which they had been taking depreciation.  In response to a question from respondent, petitioner testified that during the period 1998 through 2006 she never called the county auditor's office to determine Benedict's actual cost basis in the property.

Benedict deeded undivided interests in the property to petitioner and himself as tenants in common in 1992.  Absent evidence to the contrary, petitioner and Benedict then became owners of equal undivided interests in the property.  See Bryan v. Looker, 640 N.E.2d 590, 592-593 (Ohio Ct. App. 1994); Spector v. Giunta, 405 N.E.2d 327 (Ohio Ct. App. 1978).

Generally, a taxpayer's basis in property is the cost of the property.  Sec. 1012.  Benedict's cost basis in the property was $320,000.  Transfers of property between an individual and a spouse, however, are treated as gifts, and the basis of the

transferee in the "gifted" property is the same as the adjusted basis of the transferor. Sec. 1041(a) and (b). There is no evidence in the record to show that the adjusted basis of the property was different from its cost basis. See sec. 1016. After the transfer in 1992 the two cotenants, petitioner and Benedict, held the property with a total basis of $320,000.

There was a subsequent transfer of the property between the cotenants. As part of the 1998 divorce settlement, Benedict was required to deed to petitioner his remaining ownership interest in the property. Petitioner testified that although ordered in 1998 to make the transfer, Benedict did not provide her with a deed for the property in her name until September 2000. Section 1041(a) and (b) provides that a transfer to a former spouse incident to their divorce is also treated as though the transferee has received a gift. But the transfer must occur within 1 year after the date of the cessation of the marriage or must be "related to the cessation of the marriage." Sec. 1041(c).

The Court finds that the transfer of Benedict's undivided interest in the property to petitioner was related to the cessation of their marriage. Upon that transfer, petitioner's basis in the property was that of the two undivided interests, Benedict's total adjusted basis in the property. See sec. 1041(a) and (b). The only relevant evidence in the record points

to a total basis in the property of $320,000. Lacking any evidence of depreciation or capital improvements to the property before its transfer in 2000, we conclude petitioner's adjusted basis was at most $320,000 and not the then FMV of the property. See secs. 167(c), 1011.

The gain from the sale or other disposition of property is the excess of the amount realized over the adjusted basis of the property. Sec. 1001(a). By using the larger amount, FMV, as their adjusted basis petitioners improperly diminished their gain. Respondent's determination on this issue is sustained.

Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164. In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or the addition to tax is appropriate. Higbee v. Commissioner, supra at 446.

Respondent determined that for 2006, petitioners underpaid a portion of their income tax due to: (1) Negligence or intentional disregard of rules and regulations; (2) a substantial understatement of income tax; or (3) a substantial valuation

misstatement. Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment of tax attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. See sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

A "substantial understatement" includes an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if the taxpayer shows that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. Higbee v. Commissioner, supra at 448. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioners have a substantial understatement of income tax for 2006 since the understatement amount will exceed the greater of 10 percent of the tax required to be shown on the return or $5,000. Petitioners also failed to substantiate items properly, claimed itemized deductions and business expenses to which they were not entitled, and failed to report a portion of their income from capital gain. The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662(a) is appropriate.

The accuracy-related penalty will apply unless petitioners demonstrate that there was reasonable cause for the underpayment and that they acted in good faith with respect to the underpayment. See sec. 6664(c). Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."

Petitioner's experience, knowledge, and education strongly suggest that she either knew or should have known that the basis on which petitioners computed their gain from the sale of the property in 2006 was inflated. And the Court is convinced that petitioners, by the use of the tools of their profession, could have determined the correct basis from which to compute their

gain for 2006.  Petitioners offered no explanation to the Court for the other adjustments to expenses and deductions.

Petitioners did not show that their underreporting of income and overreporting of deductions were actions taken with reasonable cause and in good faith.  Respondent's determination of the accuracy-related penalty under section 6662(a) for 2006 is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.